S97Y0927. IN THE MATTER OF PAUL W. CALHOUN, JR.
(492 SE2d 514)

PER CURIAM.

In 1993, this Court accepted a petition for voluntary suspension from Respondent Paul W. Calhoun, Jr., pending the outcome of an appeal of his conviction for money laundering and aiding and abetting, in violation of 18 USC § 1956 (a) (1) (B) (1) and (2). The United States Court of Appeals for the Eleventh Circuit affirmed Calhoun's conviction in May 1995.[1] Calhoun served a prison sentence of 36

---

[1] *United States v. Brown*, 53 F3d 312 (11th Cir. 1995). Although the Eleventh Circuit

months, and is currently serving an additional sentence of three-years' supervised release. We must now determine the appropriate sanction to impose for Calhoun's admitted violation of Standard 66 of Bar Rule 4-102 (d), based on that conviction.[2] We have considered the aggravating and mitigating factors and agree with the recommendation of the State Bar of Georgia that disbarment is authorized.

In his capacity as attorney for co-conspirator Gene Collins, Calhoun participated in a scheme to launder the proceeds of an illicit drug business through the purchase of property which was the site of a nightclub. Collins headed a drug organization which bought and sold marijuana from Texas to Georgia. Calhoun advised Collins and the other co-conspirators concerning the manner in which to structure the purchase of the property, and counseled the co-conspirators to substitute his (Calhoun's) name as the remitter of the check, rather than that of his client. The funds used to purchase the property were obtained as proceeds of the illegal drug trade. Calhoun contended that because of personal problems, including an addiction to drugs and alcohol, he did not know what he was doing. However, the sentencing judge found that Calhoun knew that the funds in question were the proceeds of unlawful activity involving the distribution of marijuana, and that Calhoun's skills as an attorney "figured into the commission of the money laundering offense."

Following the affirmance of Calhoun's conviction, the State Bar initiated a proceeding under Bar Rule 4-106 (f), to determine the appropriate sanction to impose. The special master held a hearing, and heard argument of counsel for the State Bar and for Calhoun, as well as testimony from Calhoun and numerous witnesses on his behalf. The special master also considered the Eleventh Circuit's affirmance of Calhoun's conviction, a portion of the federal sentencing hearing, exhibits regarding his conduct and achievements while in federal custody, and written closing arguments of counsel.

Calhoun acknowledged responsibility for his actions. He testified that at the time of the conduct which resulted in his conviction he was suffering from an addiction to prescription drugs and to alcohol. And he explained that the coinciding illnesses of his wife and elderly parents contributed to his addictions.

The witnesses who testified on Calhoun's behalf stated that he was an upstanding and well-respected member of the Bar until he began abusing alcohol and drugs; that his misconduct was due to substance abuse rather than dishonesty or a predilection to crime;

---

treated the enumerations of a co-defendant, it summarily affirmed the convictions of the other two defendants, including Calhoun. Id. at 313, fn. 1.

    [2] Standard 66 of Bar Rule 4-102 (d) provides that, "[c]onviction of any felony or misdemeanor involving moral turpitude shall be grounds for disbarment." Subsection (a).

and that his confinement and treatment for substance abuse have resulted in his rehabilitation.

The State Bar submitted the affirmance of Calhoun's conviction as evidence, and argued that the conviction, along with the guidelines established in precedent of this Court, mandate disbarment. The review panel considered for guidance the ABA Standards for Imposing Lawyer Sanctions (1991),[3] and adopted the special master's recommendation that Calhoun be suspended for two years.

Disbarment is generally the appropriate sanction when a lawyer engages in serious criminal conduct,[4] or conduct involving dishonesty, fraud, deceit or misrepresentation. ABA Standard 5.11. However, factors in mitigation are to be considered and may justify a reduction in the degree of discipline to be imposed. ABA Standard 9.2. In the present case, Calhoun intentionally engaged in felonious criminal conduct directly related to his role as an attorney. He used his position and expertise to counsel his client and co-conspirators to circumvent the law, and then willingly became a participant in that scheme. Such misconduct directly reflects on his fitness to practice law.

We must determine what sanction is necessary "as a penalty to the offender, a deterrent to others, and as an indication to laymen that the courts will maintain the ethics of the profession." *In the Matter of Dowdy*, 247 Ga. 488, 493 (277 SE2d 36) (1981). While we agree that there are considerable mitigating factors in this case, we nevertheless adopt the position of the State Bar that, as a matter of public policy, disbarment is mandated in this case in order to protect the public from improprieties that injure the public's trust in the attorney-client relationship.

> The appearance of a convicted attorney continuing to practice does more to disrupt public confidence in the legal profession than any other disciplinary problem. Members of the Bar must maintain a high standard of conduct. If the law is to be respected, the public must be able to respect the individuals who administer it.

(Citations and punctuation omitted.) *In the Matter of Stoner*, 246 Ga. 581, 582 (272 SE2d 313) (1980).

Respondent Paul W. Calhoun, Jr., is hereby disbarred from the

---

[3] ABA Standard 9.1 provides that after misconduct is established, aggravating and mitigating factors may be considered in determining the appropriate sanction.

[4] "A 'serious crime' is defined as any felony and any lesser crime a necessary element of which involves interference with the administration of justice, false swearing, misrepresentation, fraud, deceit . . . or an attempt or a conspiracy to commit a 'serious crime.'" Introduction to ABA Standard 5.0.

practice of law in this state and his name shall be stricken from the roll of those allowed to practice in Georgia. Calhoun is reminded of his duty to comply fully with Bar Rule 4-219 (c). Any petition for reinstatement must satisfy all the requirements at the time reinstatement is sought.

*Disbarred. All the Justices concur.*

DECIDED NOVEMBER 3, 1997 —
RECONSIDERATION DENIED NOVEMBER 21, 1997.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar,* for State Bar of Georgia.

*D. Duston Tapley, Jr.,* for Calhoun.