## S99Y0756. IN THE MATTER OF STEVEN ROBERT SCHRADER.

(523 SE2d 327)

PER CURIAM.

The State Bar instituted the instant disciplinary proceedings against Respondent Steven Robert Schrader, a member of the State Bar of Georgia since 1990, after learning that Schrader, who had moved to Suffolk County, New York in 1996, had pled guilty to the criminal offense of practicing law without a license in violation of § 478 of the Judicial Law of New York. The State Bar petitioned this Court for the appointment of a special master pursuant to Bar Rule 4-106 alleging that Schrader's misdemeanor conviction constituted a violation of Standard 66 (conviction of any felony or misdemeanor involving moral turpitude) of Bar Rule 4-102 (d). By order dated February 26, 1999, this Court appointed a special master and on March 16, 1999 Schrader acknowledged service of both the petition for appointment and this Court's order making the appointment. The special master held a hearing on March 31, 1999 after which he permitted Schrader and the State Bar to submit briefs. Subsequently, on April 29, 1999, the special master issued his recommendation to dismiss the proceeding finding that Schrader's conviction was not a felony or misdemeanor involving moral turpitude. Among its findings, the special master concluded that while Schrader's guilty plea to filing a pleading to probate a will in the Surrogate's Court of Suffolk County, New York, without first seeking pro hac vice admission in the probate matter, established that he had acted "wrongfully, intentionally, knowingly, with criminal negligence" it did not establish that Schrader acted dishonestly, fraudulently, deceitfully, or with similar motivation or even that Schrader acted with knowledge that his conduct was wrongful or with intent to harm any individual or with intent to impair the administration of justice or injure other State interests.

The State Bar filed Exceptions to the Report and Recommendation of the Special Master and a brief in support thereof on May 11, 1999 arguing that the special master erred in determining that a violation of § 478 of the Judicial Law of New York was not a misdemeanor involving moral turpitude for the purposes of Standard 66 of Bar Rule 4-102 (d). The State Bar asked this Court to set aside the special master's conclusions and recommendation, to enter an order finding that Schrader violated Standard 66 of Bar Rule 4-102 (d), and to impose the discipline of disbarment, as defined by Bar Rule 4-102 (b) (1), or such other discipline as this Court deems appropriate.

Schrader prepared and filed documents in the surrogate's court showing himself to be "Attorney for Petitioner" and listing himself under "Name of Attorney." He did this knowing that he was not licensed to practice law in New York, and knowing that he could not

take any action on behalf of a client in New York without first seeking, and receiving, pro hac vice admission for the matter at hand. He had previously followed the proper procedure and was aware of the requirement. Filing a pleading that showed he was the attorney for the petitioner when he knew he could not so serve unless the court specifically granted him permission to do so constituted a misrepresentation to the court, see *In re Acree*, 269 Ga. 57 (495 SE2d 293) (1998), and directly implicated Schrader's role as an attorney. Because this Court agrees with the State Bar that Schrader's misdemeanor conviction and the facts giving rise thereto involve moral turpitude and constitute a violation of Standard 66, this Court rejects the recommendation of the special master. Given the circumstances presented, this Court finds that a one-year suspension of Schrader's license to practice law is an appropriate sanction in this case.

Accordingly, Schrader is hereby suspended from the practice of law in this state for one year. He is reminded of his duties under Bar Rule 4-219 (c) to timely notify all clients of his inability to represent them, to take all actions necessary to protect the interests of his clients, and to certify to this Court that he has satisfied the requirements of such rule.

*One-year suspension. All the Justices concur, except Benham, C. J., who concurs in the judgment only, and Fletcher, P. J., Sears and Hunstein, JJ., who dissent.*

FLETCHER, Presiding Justice, dissenting.

Because I cannot accept the majority's unsupported conclusion that Steven Robert Schrader committed an act of moral turpitude when he neglected to seek pro hac vice status in New York before filing a petition to probate a will, I dissent to the imposition of a one-year suspension.

Schrader is an attorney licensed to practice law in Georgia. The State of New York prosecuted Schrader for filing a false document and for the misdemeanor of practicing law without a license[1] when it discovered that he had filed a petition to probate a will without seeking pro hac vice status. New York dismissed the charge of filing a false document and Schrader pled guilty to practicing law without a license. The State Bar of Georgia initiated disciplinary proceedings against Schrader and sought his disbarment, contending that he had been convicted of a crime of moral turpitude.

In determining whether a misdemeanor conviction involves

---

[1] N.Y. Judiciary Law § 478 ("It shall be unlawful for any natural person to practice or appear as an attorney-at-law . . . for a person other than himself in a court of record in this state . . . without having first been duly and regularly licensed and admitted to practice law in the courts of record of this state . . . .").

moral turpitude in the context of State Bar Rule 4-106 and Standard 66 of State Bar Rule 4-102 (d), this Court has previously examined the circumstances of the conviction and has not relied solely upon the elements of the crime charged. For example in *In the Matter of Williams*,[2] the Court held that the misdemeanor of public indecency is not per se one involving moral turpitude for bar disciplinary purposes. Additionally, in *In the Matter of Nicholson*,[3] this Court relied on the factual showing that the lawyer repeatedly failed to file returns for years in which taxes were due and stood to gain a monetary benefit from his conduct in order to conclude that his conviction for wilful failure to file tax returns was a crime involving moral turpitude. In *Nicholson*, the Court specifically declined to consider whether a single act of wilful failure to file returns where no tax obligation existed would constitute a crime of moral turpitude.[4] These precedents dictate that we examine the circumstances of the present case before determining that Schrader's misdemeanor conviction for practicing law without a license is a crime of moral turpitude.[5]

The evidence showed that Schrader moved to New York in 1996 and began teaching full-time at a private high school. He began the process of admission to the New York bar through reciprocity with the District of Columbia Bar. He also received information that he could practice in New York pending admission to the New York bar if he associated himself with a New York lawyer, informed his clients of his status, and sought admission pro hac vice when he appeared in court. He represented clients in several criminal matters on a pro hac vice basis. He obtained a listing in the Suffolk County Bar Directory as an attorney not licensed in New York. He also had a listing in a church directory as an attorney, but that listing did not specify that he was licensed only in Georgia. When he filed the petition to probate he believed he could seek pro hac vice status when he appeared before a judge on the probate matter. There was no evidence that Schrader's actions harmed his client or others. Indeed, his client in the probate matter had no complaints against Schrader, believed that he had served her well while he was representing her, and believed the criminal proceedings resulted from a misunderstanding. Finally, as the special master concluded, the crime to which Schrader pled guilty requires no element of wrongful intent to harm, deceive, or defraud. New York dismissed the charge against Schrader that did

---

[2] 266 Ga. 132 (464 SE2d 816) (1996).
[3] 243 Ga. 803 (257 SE2d 195) (1979).
[4] Id. at 807.
[5] See also *In the Matter of Brooks*, 264 Ga. 583 (449 SE2d 87) (1994) (Sears, J., concurring) (Court "required to sit as a court of law and soberly determine the appropriate punishment based, not just on the nature of the offenses, but also on the particular facts of the case and the character and circumstances of the admitted perpetrator.").

require as an element proof of an intent to deceive.[6]

Considering all these circumstances, I agree with the special master's conclusion that Schrader's conviction does not involve moral turpitude and that no discipline is warranted under Bar Rule 4-106 and Standard 66.

I am authorized to state that Justice Sears and Justice Hunstein join in this dissent.

DECIDED NOVEMBER 1, 1999.

*William P. Smith III, General Counsel State Bar, E. Duane Cooper, Assistant General Counsel State Bar*, for State Bar of Georgia.