## S10Z0262. IN THE MATTER OF PAUL WENDELL CALHOUN, JR.
### (689 SE2d 311)

PER CURIAM.

Petitioner Paul Wendell Calhoun, Jr., was disbarred from the practice of law in 1997 after his conviction for charges of money laundering and aiding and abetting in violation of 18 USC § 1956 (a) (1) (B) (1) and (2) was affirmed by the United States Court of Appeals for the Eleventh Circuit. See *In the Matter of Calhoun*, 268 Ga. 675 (492 SE2d 514) (1997). In January 2000, the State Board of Pardons and Paroles restored Calhoun's civil and political rights, except for the right to receive, possess, or transport in commerce a firearm. In 2008, Calhoun filed, with the Office of Bar Admissions, this application for Certification to Practice Law, which simultaneously serves as an application for readmission. The Board to Determine Fitness of Bar Applicants initially tabled Calhoun's application, but in October 2009, the Board advised Calhoun of its decision to grant him certification of fitness to practice law. The Board then filed its Report

and the record of its proceedings with the Clerk of this Court so that this Court could make the final determination regarding Calhoun's certification of fitness as required by Part A, Section 10 (e) of the Rules Governing Admission to the Practice of Law, as amended on September 3, 2008.

In considering this matter, this Court notes that more than five years have passed since Calhoun lost his license in 1997 and, since that time, Calhoun has returned to the community in which he formally practiced and has resumed his involvement in various civic and youth activities while staying abreast of legal developments and raising his son as a single parent following the 1998 death of his wife. We also note that it appears that Calhoun's interim difficulties with alcohol have abated. Calhoun has submitted reference letters in support of his application from six persons, five of whom have known him for more than twenty years, and all of whom indicate their belief that Calhoun is trustworthy. The Fitness Board has shown compliance with the notice and confirmation requirements of Part A, Section 10 (d) of the Rules Governing Admission to the Practice of Law, and there have been no objections raised to Calhoun's petition.

Based upon the record in this case, this Court finds that Calhoun has shown that he is entitled to be certified as fit to practice law in Georgia. Further, it appears that Calhoun has met all of the procedural requirements of Part A, Section 10 for approval of his application for a certification of fitness. Accordingly, this Court hereby grants Calhoun's application for certification of fitness and orders that, upon satisfaction of all of the requirements of Part B of the Rules Governing Admission to the Practice of Law including taking and passing the Georgia Bar Examination, see Part B, Section 8, Calhoun may be reinstated as an attorney licensed to practice law in the State of Georgia.

*Certification of fitness for readmission granted. All the Justices concur.*

DECIDED FEBRUARY 1, 2010.

*Patsy Y. Porter, Sarah E. Lockwood,* for Office of Bar Admissions.