## S12Y1252. IN THE MATTER OF MARCUS L. VICKERS.
### (729 SE2d 355)

PER CURIAM.

On August 21, 2009, Respondent Marcus L. Vickers (State Bar No. 727392) was convicted in the United States District Court for the Northern District of Georgia, Atlanta Division, on one count of conspiracy to defraud the United States, see 18 USC § 371, and two counts of mail/wire fraud, see 18 USC §§ 1342 and 1343, all felonies. He was sentenced to serve ten months in federal prison, followed by three years of supervised release and required to pay restitution. In January 2010, this Court suspended Vickers pending an appeal of his conviction, see *In the Matter of Vickers*, 286 Ga. 416 (687 SE2d 831) (2010). Vickers' appeal proved unsuccessful and John Aubrey Chandler was appointed as special master pursuant to Bar Rule 4-106 (f) (1).

The record shows that Vickers, who was admitted to the Bar in 2000, acted as the closing attorney (or closing agent) in the sale of two condominium units and that he was convicted of conspiring to represent falsely to lenders that borrowers had paid down payments on the units and of conspiring to distribute closing proceeds in a manner contrary to the HUD statement presented to the lender. Vickers admits that his convictions constitute a violation of Rule 8.4 (a) (2) of Bar Rule 4-102 (d), making him subject to the provisions of Bar Rule 4-106, but, he argues that, in light of the mitigating factors of this case, suspension rather than disbarment is the appropriate discipline. After hearing evidence at a show cause hearing, the special master agreed, finding that the mitigating factors outweighed the aggravating factors. He recommended the imposition of a three-year suspension, with conditions on reinstatement. The State Bar objected arguing that disbarment is the only appropriate discipline given that Vickers' convictions arose out of his practice of law, and the Review Panel agreed.

As this Court has often stated, the primary purpose of the disciplinary system "is to protect the public from attorneys who are not qualified to practice law due to incompetence or unprofessional conduct," see *In the Matter of Brooks*, 264 Ga. 583, 583 (449 SE2d 87) (1994), and allowing an attorney with a felony conviction to practice law seriously erodes the public's confidence in the profession, *In the Matter of Calhoun*, 268 Ga. 675 (492 SE2d 514) (1997). But, each case is to be decided on its own facts. *In the Matter of Dowdy*, 247 Ga. 488, 493 (277 SE2d 36) (1981).

Here, Vickers has been convicted of three felonies all arising from his practice of law, thereby violating Bar Rule 8.4 (a) (2), the maximum sanction for which is disbarment. We agree that this case

presents factors that favor mitigation of punishment, including that Vickers had no prior disciplinary history, that aside from these convictions he had good character and reputation in the community (as evidenced by witness testimony and letters), that he is significantly involved in the community, mentoring young people, generally, as well as young lawyers, that his wrongdoing appears to be an isolated incident, that he acknowledges his mistakes and is extremely remorseful about the repercussions of his actions, that he fully cooperated with the Bar during its investigation of this matter and that he fully complied with the terms of his probation both before and after his arrest and incarceration. But, there are also factors in aggravation of punishment, including that Vickers had a dishonest motive, that his misconduct occurred in the actual practice of law and was directed at a client, and that Vickers was relatively experienced in the practice of law, having practiced for more than six years at the time of this conduct. Moreover, Vickers' actions, at the very least, facilitated mortgage fraud, and as we recognized in *In the Matter of Gardner*, 286 Ga. 623, 624 (690 SE2d 611) (2010) "mortgage fraud is and has been a very serious problem in Georgia and . . . real estate closing attorneys are relied on by their lender clients and by the public to act ethically and lawfully to identify and prevent such fraud, rather than facilitating and concealing it." Although we have, in at least one case, imposed a conditional suspension, rather than disbarment, upon an attorney who pled guilty to a single count of residential mortgage fraud, that case involved a relatively inexperienced attorney and the underlying record there revealed rather unusual circumstances that arguably warranted leniency. See *In the Matter of Suttle*, 288 Ga. 14 (701 SE2d 154) (2010); but see *In the Matter of Suttle*, 290 Ga. 368 (720 SE2d 638) (2012) (disbarring Suttle for practicing law despite a consent order entered in his earlier disciplinary matter prohibiting such practice). We do not find those factors present in this case and therefore, after careful review of the record and arguments of the parties, we conclude that disbarment is the appropriate discipline for Vickers' misconduct. Accordingly, the name of Marcus L. Vickers hereby is removed from the rolls of attorneys authorized to practice law in the State of Georgia. Vickers is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur, except Nahmias, J., not participating.*

DECIDED JULY 2, 2012.

*Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia. *Marvin S. Arrington, Jr.,* for Vickers.