In the Supreme Court of Georgia

Decided: May 23, 2016

S16Y1320. IN THE MATTER OF JOANNA TEMPLE.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Joanna Temple (State Bar No. 701805), prior to the issuance of a formal complaint, see Bar Rule 4-227 (b) (2). In her petition, Temple, who became a member of the Georgia Bar in 1990, admits that she pled guilty in New York to a misdemeanor violation of attempted criminal usury in the second degree. The criminal charge related to her role as lead counsel for payday lending companies, in which she advised those companies and their employees to intentionally violate New York's criminal usury laws. The plea hearing transcript, which Temple attached to her petition, shows that for over five years she knowingly instructed and encouraged her payday lending clients to intentionally violate certain state lending laws, including New York's criminal usury statutes, and assisted them in doing so. She was sentenced on December 17, 2015, to a conditional discharge for one year, subject to performing 250

hours of community service. She admits that by this conduct, she has violated Rules 1.2 (d) and 8.4 (a) (3) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d).[1] The maximum sanction for a violation of Rules 1.2 (d) or 8.4 (a) (3) is disbarment.

Temple asserts that she has not practiced law since December 15, 2015, and we agree that her lack of a prior disciplinary record in Georgia and Tennessee, where she is also licensed to practice law,[2] and her cooperation with the State Bar in this matter are mitigating factors. Temple asks that the Court impose a one-year suspension, retroactive to December 15, 2015. She cites no precedent in support of her request.

The State Bar recommends that the Court accept the petition, but makes no recommendation with regard to whether the suspension is retroactive. The State Bar asserts that a one-year suspension is appropriate, citing <u>In the Matter</u>

---

[1] Rule 1.2 (d) says in pertinent part, "A lawyer shall not counsel a client to engage in conduct that the lawyer knows is criminal or fraudulent, nor knowingly assist a client in such conduct, but a lawyer may discuss the legal consequences of any proposed course of conduct[.]" Rule 8.4 (a) (3) makes it a violation of the Georgia Rules of Professional Conduct for a lawyer to be "convicted of a misdemeanor involving moral turpitude where the underlying conduct relates to the lawyer's fitness to practice law."

[2] On April 28, 2016, the Supreme Court of Tennessee entered an order suspending Temple from the practice of law in that state until further order of the court. See <u>In the Matter of Temple</u>, No. M2016-00848-SC-BAR-BP (Apr. 28, 2016).

of Schrader, 271 Ga. 601 (523 SE2d 327) (1999), and In the Matter of Davis, 292 Ga. 897 (742 SE2d 734) (2013). However, those cases are entirely distinguishable from this matter. In Schrader, this Court imposed a one-year suspension on an attorney who had pled guilty to the misdemeanor offense of practicing law without a license in New York after he filed a single petition to probate a will in New York without seeking pro hac vice status. In Davis, this Court imposed a 30-month suspension on an attorney who had entered a first offender plea to possession of methamphetamine and was sentenced to probation for three years. The conduct of Schrader and Davis did not implicate their fitness to practice law and the public's confidence in the legal profession in the same way as Temple's instructing and encouraging her clients to intentionally violate criminal laws over a period of years.

Having carefully considered the petition, response, and the very serious professional misconduct to which Temple has admitted, we cannot agree that a one-year suspension is the appropriate sanction in this matter. See, e.g., In the Matter of Childers, 297 Ga. 788 (778 SE2d 216) (2015) (imposing sanction of disbarment following Childers' first offender plea to a misdemeanor count of theft by receiving stolen property based on his knowingly accepting a stolen

3

vehicle tag, for which he was sentenced to 12 months of probation); In the Matter of Gardner, 286 Ga. 623 (690 SE2d 611) (2010) (accepting Gardner's voluntary surrender of license rather than imposing a suspension based on his guilty plea to misdemeanor obstruction of a police officer resulting from his role in facilitating and concealing mortgage fraud by others, for which he was sentenced to 12 months of probation). Accordingly, the Court hereby rejects the petition for voluntary discipline.

Petition for voluntary discipline rejected. All the Justices concur.