In the Supreme Court of Georgia

Decided:    June 20, 2016

S16Y1176.  IN THE MATTER OF GEORGE D. HOUSER.

PER CURIAM.

This matter is before the Court on the Report and Recommendation of the Review Panel that Respondent George D. Houser (State Bar No. 369225) be disbarred for violating Rule 8.4 (a) (2) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), based on his convictions in the United States District Court for the Northern District of Georgia on one felony count of conspiracy to commit healthcare fraud, eight felony counts of payroll tax fraud, and two counts of failure to file income taxes. As a result of his convictions, Houser was sentenced to 240 months' imprisonment and ordered to pay nearly $7 million in restitution to Medicare and Medicaid and more than $870,000 to the Internal Revenue Service. This Court suspended Houser pending the outcome of his appeal from the convictions.  See In the Matter of Houser, 292 Ga. 342 (737 SE2d 692) (2013). On June 19, 2014, the United States Court of Appeals for the Eleventh Circuit affirmed Houser's convictions, see United

States v. Houser, 754 F.3d 1335 (11th Cir. 2014), and Houser's subsequent motion for reconsideration was unsuccessful.

On December 17, 2015, the special master, Thomas L. Holder, held a hearing pursuant to Bar Rule 4-106 (f) (1) to determine whether Houser should be disbarred. At that hearing, Houser, who has been a member of the Bar since 1976, asserted that his appeal was not final because he intended to file a petition in the Eleventh Circuit to recall the mandate, but he apparently never did so. On February 9, 2016, the special master issued his report finding that Houser's appeals had terminated in 2014 and summarizing that Houser's felony convictions arose from his operation of three nursing homes, that Houser conspired with his wife to defraud Medicare and Georgia Medicaid programs, that he obtained Medicare and Medicaid reimbursement by materially false and fraudulent pretenses, and that he siphoned money from the facilities to support his lavish lifestyle while leaving the nursing home residents without health care and living in squalor. Moreover, Houser collected payroll taxes from his employees, but failed to transmit the taxes to the Internal Revenue Service and failed to file his personal income tax returns. The special master found that in the course of committing these crimes, Houser displayed a shocking degree of

dishonesty, greed, and indifference to human suffering.

In deciding the appropriate discipline, the special master recognized that disbarment is generally the appropriate sanction when a lawyer engages in serious criminal conduct or conduct involving interference with the administration of justice, false swearing, misrepresentation or fraud. See In the Matter of Thompson, 297 Ga. 790 (778 SE2d 226) (2015) (disbarred following federal convictions for conspiracy to defraud the United States, and bank, wire and mail fraud); In the Matter of Vickers, 291 Ga. 354 (729 SE2d 355) (2012) (disbarred following federal convictions for conspiracy to defraud the United States and mail/wire fraud); In the Matter of Skandalakis, 279 Ga. 865, 866 (621 SE2d 750) (2005) (disbarred after federal felony conviction for making a false statement to the Federal Bureau of Investigation). Although the special master noted in mitigation that Houser had no prior disciplinary history, it found in aggravation that he acted with dishonest or selfish motives, that he engaged in a pattern of misconduct, that he has multiple offenses, and that he refused to acknowledge the wrongful nature of his conduct. In the end, he recommended that Houser be disbarred. After that report was filed with the Review Panel, as required by Bar Rule 4-106 (f), the Review Panel issued its report and

3

recommendation in which it adopted the special master's findings, concluded that Houser's appeals had terminated in 2014, see In the Matter of Frantz, 271 Ga. 529, 529 (520 SE2d 686) (1999) (the term "termination of appeal" in Bar Rule 4-106 (f) (1) "includes only first level appeals through the United States Supreme Court"), and recommended that Houser be disbarred. Houser has not filed exceptions to the Review Panel's report and recommendation.

We have reviewed the record and we agree with the Review Panel and the special master that Houser's appeal has terminated within the meaning of Bar Rule 4-106 (f) (1), and that under the circumstances of this case, disbarment is the proper discipline. Accordingly Respondent George D. Houser hereby is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

Disbarred.  All the Justices concur.