In the Supreme Court of Georgia

Decided:    September 12, 2016

S16Y1335.  IN THE MATTER OF TRENT CARL GAINES.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Trent Carl Gaines (State Bar No. 282172), prior to the issuance of a formal complaint, see Bar Rule 4-227 (b) (2).  In his petition, Gaines, who became a member of the Georgia Bar in 2000, admits that he pled guilty on October 27, 2015, in the United States District Court for the Northern District of Georgia, to four counts set forth in a criminal information: two felony counts each of bid-rigging conspiracy in violation of 15 U.S.C. § 1, and conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349.  On February 22, 2016, Gaines was sentenced to six months incarceration, followed by three years of supervised release, including home confinement for three months. Gaines was also ordered to pay restitution of $46,800 to seven financial institutions, a fine of $35,000, and a special assessment of $400.  The lenient sentence reflected the grant of the government's motion for a downward

departure based on Gaines having provided substantial assistance to the government and having been fully cooperative with its investigation. Gaines seeks the imposition of a three-year suspension.

The charges arose out of Gaines's efforts to suppress and eliminate competition by rigging bids for the purchase of real estate at public foreclosure auctions; Gaines was acting on his own behalf as a real estate investor and not on behalf of any client. The conduct, which occurred between 2008 and 2010 in Fulton County and between 2006 and 2011 in DeKalb County, involved over a dozen properties and more than six co-conspirators. Gaines and his co-conspirators negotiated payoffs with each other in exchange for agreements not to compete at public auctions; conducted secret, second auctions, open only to members of the conspiracy; transferred title to rigged foreclosure properties into the names of the co-conspirators who submitted the highest bids at the secret auctions; distributed payoffs to co-conspirators that otherwise would have gone to financial institutions, homeowners, and others with a legal interest in the foreclosed properties; made materially false representations to trustees and others involved in the public auctions; and caused artificially suppressed purchase prices to be reported and paid to financial institutions and others.

Gaines admits that by this conduct, he has violated Rule 8.4 (a) (2), of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 8.4 (a) (2) is disbarment. He acknowledges that the pattern and number of offenses, as well as the motive of personal financial gain are aggravating factors. As for mitigating factors, we agree that his lack of a prior disciplinary record, his cooperation with the State Bar, and his remorse are mitigating factors. However, we are not persuaded that his payment of restitution ordered by the sentencing court is a mitigating factor in this disciplinary proceedings. See In the Matter of Thompson, 266 Ga. 157 n. 1 (464 SE2d 818) (1996) (payment of forced restitution is neither mitigating nor aggravating factor). The State Bar, however, recommends that we reject the petition, contending that a three-year suspension is an inadequate sanction for the lengthy criminal conduct in which Gaines engaged.

Having carefully considered the petition, response, the precedent cited by both parties, and the lengthy criminal conduct to which Gaines has admitted, we cannot agree that a three-year suspension is the appropriate sanction in this matter. Compare In the Matter of Temple, __ Ga. __ (__ SE2d __), 2016 Ga. LEXIS 382 (2016) (rejecting petition for voluntary discipline seeking one-year

3

suspension following misdemeanor conviction arising out of lawyer's advising and assisting clients in violation of usury laws over period of five years), and In the Matter of Thompson, 297 Ga. 790 (778 SE2d 226) (2015) (disbarring lawyer following affirmance of federal convictions for conspiracy, and bank, wire, and mail fraud), with In the Matter of Davis, 292 Ga. 897 (742 SE2d 734) (2013) (30-month suspension following first offender plea to possession of methamphetamine), and In the Matter of Schrader, 271 Ga. 601 (523 SE2d 327) (1999) (one-year suspension following guilty plea to misdemeanor offense of practicing law without a license based on filing a single petition to probate a will without seeking pro hac vice status). Accordingly, the Court hereby rejects the petition for voluntary discipline.

Petition for voluntary discipline rejected. All the Justices concur.