S16Y1710. IN THE MATTER OF JOANNA TEMPLE.
(792 SE2d 322)

PER CURIAM.

This disciplinary matter is before the Court for the second time. This Court rejected the first petition for voluntary discipline filed by Joanna Temple (State Bar No. 701805), which sought a one-year suspension with conditions for her admitted violations of Rules 1.2 (d) and 8.4 (a) (3) of the Georgia Rules of Professional Conduct, found in Bar Rule 4-102 (d). See *In the Matter of Temple*, 299 Ga. 140 (786 SE2d 684) (2016). Temple now seeks a four-year suspension with conditions for those violations. Again, we reject Temple's request for voluntary suspension.

As in her first petition, Temple, who became a member of the Bar in 1990, admits she entered a guilty plea in New York to a misdemeanor violation of attempted criminal usury in the second degree; the plea arose out of her role as counsel for payday lending companies, in which she advised those companies and their employees intentionally to violate New York's criminal usury laws. The plea hearing transcript, which Temple attached to her petition, shows that for over five years she instructed and encouraged her payday lending clients intentionally to violate certain state lending laws, including New York's usury statutes, and assisted them in doing so. She was sentenced to a conditional discharge for one year, subject to performing 250 hours of community service. She admits that by this conduct, she has violated Rules 1.2 (d) and 8.4 (a) (3), the maximum sanction for which is disbarment.

In mitigation, Temple offers that she has no prior disciplinary record in Georgia or Tennessee, where she was also licensed to practice law,[1] and that she has cooperated with the State Bar in this matter. She states that she has not practiced law since December 15, 2015, and asks that the Court impose a four-year suspension, retroactive to that date, but subject to the conditions that she provide proof to the Bar that she has fulfilled her New York sentence, and that she

---

[1] On June 27, 2016, however, the Supreme Court of Tennessee, having considered the same actions underlying this case, entered an order suspending Temple from the practice of law in that state for four years retroactive to April 28, 2016, with conditions on reinstatement. *In the Matter of Temple*, No. M2015-01280-SC-BAR-BP (June 27, 2016).

maintains the payment of all license fees and continuing legal education fees accruing throughout her suspension.

In this Court's earlier order, we noted that the cases cited by the State Bar in support of its recommendation that we accept the voluntary request for one-year suspension were distinguishable from this matter. Those cases, in which one-year to thirty-month suspensions were imposed, did not involve conduct that involved using the attorney's position as a lawyer to assist her clients in violating the law. See *In the Matter of Davis*, 292 Ga. 897 (742 SE2d 734) (2013) (thirty-month suspension imposed on attorney who entered a first offender plea to possession of methamphetamine); *In the Matter of Schrader*, 271 Ga. 601 (523 SE2d 327) (1999) (one-year suspension imposed on attorney who pleaded guilty to misdemeanor offense of practicing law without a license in New York for filing a single petition to probate a will without seeking pro hac vice status). This matter involves the attorney's instructing and encouraging her clients intentionally to violate criminal laws over a period of years. Here, the attorney improperly counseled clients to engage in conduct she admits she knew was criminal and fraudulent, and she knowingly assisted the client in such conduct, in violation of Rule 1.2 (d).[2]

This Court will not follow the lead of the Tennessee Supreme Court to accept a four-year voluntary surrender of license. See footnote 1, supra. Despite the absence of a previous disciplinary history, counseling a client to engage in fraudulent criminal conduct is precisely the type of attorney conduct that supports a greater sanction than that sought. This conduct did not simply involve criminal conduct by the attorney but involved using the attorney's position as a lawyer to assist her clients in violating the law, and thus undermines public confidence in the Bar. This case bears similarities to *In the Matter of Gardner*, 286 Ga. 623 (690 SE2d 611) (2010), in which the attorney admitted facilitating and concealing mortgage fraud, and this Court accepted the attorney's voluntary surrender of license. It is distinguishable from *In the Matter of Suttle*, 288 Ga. 14 (701 SE2d 154) (2010) (Carley, P. J., Thompson and Nahmias, JJ., dissenting), cited by the State Bar in its response to this petition, which imposed a two-year suspension upon Gardner's co-defendant in the criminal proceeding against them.[3] The *Suttle* opinion referenced the facts that Suttle was a young lawyer who did not prepare

---

[2] Rule 1.2 (d), the violation of which carries the maximum penalty of disbarment, states, in pertinent part: "A lawyer shall not counsel a client to engage in conduct that the lawyer knows is criminal or fraudulent, nor knowingly assist a client in such conduct . . . ."

[3] Although the State Bar responded to Temple's second petition, it neither opposes nor explicitly recommends acceptance of the petition.

the closing documents used in the fraudulent real estate transactions, that he was not the closing lawyer scheduled to preside at the closings but was called in on short notice, that nothing on the face of the documents indicated mortgage fraud, and that he was arrested before the closing was completed in a manner that would have revealed the fraud to him. Note also that Suttle pleaded guilty under *North Carolina v. Alford*,[4] and continued to assert his actual innocence to the criminal charges.[5] Similar facts do not exist in this case, in which the respondent entered an unconditional plea and admits in this disciplinary proceeding that she was guilty of the crimes for which she was sentenced. See also *In the Matter of Vickers*, 291 Ga. 354 (729 SE2d 355) (2012), also involving a lawyer convicted of mortgage fraud, in which this Court imposed the discipline of disbarment in an opinion noting that the convictions arose out of the practice of law and distinguishing the facts of that case from those in *Suttle* which, we noted, involved circumstances warranting leniency.

Quoting our opinion rejecting Temple's previous petition for voluntary discipline, "[h]aving carefully considered the petition, response, and the very serious professional misconduct to which Temple has admitted, we cannot agree that a [four-year] suspension is the appropriate sanction in this matter." *In the Matter of Temple*, supra, 299 Ga. at 141.[6]

*Petition for voluntary discipline rejected. All the Justices concur, except Melton, J., who dissents.*

MELTON, Justice, dissenting.

Because I believe that a four-year suspension is an appropriate sanction in this matter, I must respectfully dissent from the majority's decision to reject Joanna Temple's petition for voluntary discipline. The majority bases its decision on Temple's admitted violation of Rule 1.2 (d), which states, in pertinent part, "A lawyer shall not counsel a client to engage in conduct that the lawyer knows is

---

[4] 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970).

[5] Suttle was later disbarred for continuing to practice law in violation of the suspension imposed on him. *In the Matter of Suttle*, 290 Ga. 368 (720 SE2d 638) (2012).

[6] We note that other states applying a substantially similar rule prohibiting a lawyer from counseling or assisting a client in conduct that the lawyer knows is criminal or fraudulent have imposed more severe sanctions for violation of that rule than the request for voluntary suspension made in this case. See, e.g., *Iowa Supreme Court Attorney Disciplinary Bd. v. Engelmann*, 840 NW2d 156 (III) (B) (Iowa 2013) (revoking license to practice law of an attorney who assisted parties to a real estate transaction in executing a fraudulent contract); *State ex rel. Oklahoma Bar Assn. v. Golden*, 201 P3d 862 (Okla. 2008) (disbarment for actively participating in the client's health care fraud cover-up); *In re Petition for Disciplinary Action Against Houge*, 764 NW2d 328 (Minn. 2009) (indefinite suspension from practice of law for assisting a client in creating a sham employment agreement that resulted in client's probation sentence).

criminal or fraudulent, nor knowingly assist a client in such conduct, but a lawyer may discuss the legal consequences of any proposed course of conduct[.]" The maximum sanction for this rule is disbarment, and I believe that this maximum punishment should be reserved for the most egregious case of misconduct in which an attorney advises or assists a client in committing a felony. In this case, Temple has admitted that she assisted her clients in violating usury laws in New York — a crime that constitutes a misdemeanor. While Temple's misdemeanor-level conduct is certainly reprehensible, it does not equate to the abhorrent nature of a felony. Temple's conduct is worthy of a serious sanction, and a four-year suspension is just that. Felonious conduct should be matched to the maximum sanction of disbarment; Temple's misdemeanor conduct should not. Therefore, to equitably match the level of discipline to the level of misconduct, I believe a four-year suspension is an appropriate sanction in this case. See *In the Matter of Schrader*, 271 Ga. 601 (523 SE2d 327) (1999); *In the Matter of Davis*, 292 Ga. 897 (742 SE2d 734) (2013).

DECIDED OCTOBER 17, 2016.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.