315 Ga. 484
FINAL COPY

S23Y0306. IN THE MATTER OF CHANDRA McNEIL NORTON.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of the Special Master, Charles David Jones, filed pursuant to Bar Rule 4-106 (e). The Special Master recommends that this Court disbar Respondent Chandra McNeil Norton (State Bar No. 498550), who has been a member of the Bar since 1993, for her violations of Rules 8.4 (a) (2) and 9.1 (a) (2) found in Bar Rule 4-102 (d).

The record before us shows that in November 2020, Norton pled guilty to one count of conspiracy to commit wire fraud, see 18 USC § 1349, in the United States District Court for the Northern District of Georgia for defrauding the federal government of nearly $8 million in Paycheck Protection Program ("PPP") loans. Her conviction went unreported to the State Bar of Georgia. Upon

learning of her conviction, the State Bar initiated disciplinary proceedings under Bar Rule 4-106; this Court appointed a Special Master, see Case No. S22B1122 (appointed June 28, 2022); and the Special Master then conducted a hearing, at which Norton testified regarding her conduct and offered evidence in mitigation.

Norton then filed a brief in support of a two-year suspension. In her brief, Norton argued that although a felony conviction can serve as a basis for disbarment pursuant to Rule 8.4 (a), it does not necessarily demand disbarment. See *In the Matter of Ortman*, 289 Ga. 130 (709 SE2d 784) (2011) (holding that this Court should "never foreclose[ ] the possibility that a lesser punishment than disbarment might be appropriate where the circumstances and mitigating factors are sufficient to justify a lesser penalty"); *In the Matter of Suttle*, 288 Ga. 14 (701 SE2d 154) (2010) (attorney who pled guilty to real estate fraud was suspended rather than disbarred); *In the Matter of Haugabrook*, 278 Ga. 721 (606 SE2d 257) (2004) (guilty plea to two counts of filing false tax returns; one-year suspension). She claimed that in arriving at the punishment to be imposed,

disciplinary cases are largely governed by their own particular facts, see *In the Matter of Dowdy*, 247 Ga. 488, 493 (277 SE2d 36) (1981), and that the mitigating factors here support suspension. In particular, she noted that prior to her knowledge of the federal investigation or prosecution, she approached the government to return the monies obtained from the PPP; that she acknowledged and accepted full responsibility for her actions and that she was cooperating with federal authorities; and that in approaching the government, she did not seek special requests, waivers, departures, or extra consideration from the government in exchange for her proffer or cooperation. In addition, Norton noted that she has never before been subject to a complaint or disciplinary action with the Bar; that she had never before been convicted of any crimes; and that she did not practice law as her primary profession, which was one of the main reasons she was unaware of her responsibility to contact the Bar upon her guilty plea. She further noted that she has now fully cooperated with the Bar in this proceeding and is extremely remorseful for her actions. In addition, Norton noted that

3

she has a commendable reputation in the community, as evidenced by the numerous letters of support from family and friends that she included with her brief. Norton also listed as evidence of her good reputation that she was a board member for an adoption agency and a charitable organization supporting youth in Atlanta and Memphis; that she is a sponsor and volunteer for several other youth organizations; and that she is also an adoptive parent and permanent guardian for an at-risk minor. Moreover, she noted that she was convicted in her role as a citizen, not an attorney, and that there were little to no aggravating factors in this case.

The State Bar responded that disbarment was appropriate, given that this Court routinely imposes disbarment (or accepts voluntary surrender of licenses, which is tantamount to disbarment) in cases involving felony convictions for financial crimes. See *In the Matter of Celello*, 308 Ga. 339 (840 SE2d 349) (2020) (voluntary surrender of license for attorney convicted of conspiracy to commit securities fraud); *In the Matter of Fudge*, 301 Ga. 793 (804 SE2d 59) (2017) (voluntary surrender of license for attorney convicted of

4

conspiracy to commit bank fraud); *In the Matter of Houser*, 299 Ga. 284 (787 SE2d 689) (2016) (disbarring attorney convicted of conspiracy to commit healthcare fraud, payroll tax fraud, and failure to file income taxes); *In the Matter of Thompson*, 297 Ga. 790 (778 SE2d 226) (2015) (disbarring attorney convicted of conspiracy, bank fraud, mail fraud, and wire fraud). In addition, the Bar contended that the cases relied upon by Norton to support a two-year suspension were distinguishable, because *Ortman* involved a felony conviction for a violent crime; *Haugabrook* involved purely personal conduct arising from the respondent's failure to accurately report his personal income for certain tax years, whereas this case affected other individuals and entities; and *Suttle* involved unusual circumstances, not present here, that warranted a lesser sanction than disbarment. See *In the Matter of Temple*, 299 Ga. 854, 855-856 (792 SE2d 322) (2016) ("The *Suttle* opinion referenced the facts that Suttle was a young lawyer who did not prepare the closing documents used in the fraudulent real estate transactions, that he was not the closing lawyer scheduled to preside at the closings but

was called in on short notice, that nothing on the face of the documents indicated mortgage fraud, and that he was arrested before the closing was completed in a manner that would have revealed the fraud to him. Note also that Suttle pleaded guilty under *North Carolina v. Alford*[, 400 U. S. 25 (91 SCt 160, 27 LE2d 162) (1970)], and continued to assert his actual innocence to the criminal charges."). Moreover, the Bar stated that the fact remained that Norton failed to report her conviction to the Bar for over a year in violation of the ethics rules and that as a licensed attorney, she had to comply with all of the Georgia Rules of Professional Conduct, not just the ones that she was aware of. The Bar further argued that the aggravating factors in this case, which it asserted included Norton's dishonest or selfish motive, pattern of misconduct in submitting at least 11 false and fraudulent PPP loan applications and related conduct over the course of several months, multiple offenses, bad faith obstruction of the disciplinary proceedings by failing to report her conviction, and substantial experience in the practice of law, outweighed any of the mitigating factors.

The Special Master then issued this report and recommendation of disbarment. In his report, the Special Master made the following findings of fact. Norton has spent most of her professional life serving as a water and sewer contractor for the City of Atlanta and DeKalb County, Georgia, although she has also practiced some law handling domestic, transactional, and personal injury cases. Norton is currently president and CEO of CamKen and is tasked with overseeing the operations of the company, maintaining client relationships, procuring projects, and ensuring that such projects are successfully executed. She is also responsible for navigating the local, state, and federal regulatory environment on behalf of the company. In addition, she has experience in registering the company as a minority business enterprise and participating as a member of joint venture partnerships with out-of-state entities. Her company at one time was one of the top 25 contractors in the City of Atlanta, and CamKen earned approximately $80 million in revenue over 23 years in the contracting business.

7

The Special Master found that in the summer of 2020, the federal government charged Norton with one count of conspiracy to commit wire fraud for conduct which included, but was not limited to, submitting false and fraudulent PPP applications, using the funds she received for personal expenses, and conspiring to defraud and obtain money and property by false and fraudulent pretenses, all of which resulted in a loss of approximately $7.8 million to the PPP program. On November 12, 2020, she pled guilty in federal court to conspiracy to commit wire fraud, which is a felony. As of the date of this opinion, Norton has not yet been sentenced.

The Special Master then concluded that she violated Rule 8.4 (a) (2), by pleading guilty to conspiracy to commit wire fraud, and that for purposes of Rule 8.4 (a) (2), a conviction includes a guilty plea, regardless of whether a sentence has been imposed. See Rules 8.4 (b) (1) and 1.0 (e). In addition, the Special Master concluded that Norton violated Rule 9.1 (a) (2) by failing to report her conviction to the Bar. The maximum penalty for a violation of Rule 8.4 (a) (2) is

disbarment, while the maximum penalty for a violation of Rule 9.1 (a) (2) is a public reprimand.

In determining the appropriate level of discipline, the Special Master considered the ABA Standards for Imposing Lawyer Sanctions. See *In the Matter of Morse*, 266 Ga. 652 (470 SE2d 232) (1996) (ABA Standards are instructive in determining the appropriate level of discipline); ABA Standard 3.0 (providing that in imposing a sanction, courts should consider the duty violated; the lawyer's mental state; the potential or actual injury caused by the lawyer's misconduct; and the existence of aggravating or mitigating factors). Regarding Norton's mental state and the injury she caused, the Special Master found that her conduct was knowing and intentional, as evidenced by her guilty plea, and that her conduct resulted in significant injury, a loss of almost $8 million to the PPP program. The Special Master noted that ABA Standard 5.11 provides that disbarment is generally appropriate when a lawyer engages in serious criminal conduct, a necessary element of which includes fraud, or any other intentional conduct involving fraud that

9

seriously adversely reflects on the lawyer's fitness to practice. And while Norton argued for a suspension, the Special Master pointed out that ABA Standard 5.12 provides that suspension is generally appropriate when a lawyer engages in criminal conduct which *does not* include fraud. The Special Master determined that Norton pled guilty to a felony involving a serious financial crime and intentional conduct involving dishonesty, fraud, deceit, and misrepresentation, and that the seriousness of this crime did not justify a suspension.

Regarding the aggravating factors, the Special Master considered Norton's dishonest or selfish motive given that she personally benefitted from her misconduct; her pattern of misconduct, given that she submitted at least 11 false and fraudulent PPP loan applications and her related conduct took place over the course of several months; and the multiple offenses, given that her conduct consisted of multiple offenses of dishonest, fraudulent, and deceitful conduct. See ABA Standards 9.22 (b), (c), and (d). In addition, the Special Master considered her bad faith obstruction of the disciplinary process by intentionally failing to

10

comply with the disciplinary rules by not self-reporting her conviction to the Bar and her substantial experience in the practice of law. See ABA Standards 9.22 (e) and (i). As to the latter point, Norton contended in her brief before the Special Master that her inexperience in the law (because she does not practice law as her primary profession), should be considered in mitigation, but the Special Master concluded that this is not the type of case in which experience in the practice of law has any relevance to misconduct. The Special Master stated that some duties and obligations — in this case, to not lie, defraud, or deceive — should be understood by every citizen and every lawyer, however new to the Bar. See *In the Matter of Manning-Wallace*, 287 Ga. 223, 227 (695 SE2d 237) (2010) (Nahmias, J., concurring). In addition, the Special Master determined that regardless of the amount of time a lawyer has been practicing, she ought to know not to engage in certain types of conduct, including conspiring to commit wire fraud. See *In the Matter of Saunders*, 304 Ga. 824, 825 n. 2 (822 SE2d 235) (2018); *In the Matter of Jones*, 293 Ga. 264, 267 n. 8 (744 SE2d 6) (2013).

11

As for mitigating factors, the Special Master considered the absence of a prior disciplinary record and Norton's character and reputation, noting that Norton submitted 19 letters of support from various individuals attesting to her reputation and character. See ABA Standards 9.32 (a) and (g). The Special Master found that, without question, Norton had given her time and money toward worthy causes. In addition, the Special Master considered her remorse, noting that at the hearing on this case, Norton accepted responsibility for her actions. See ABA Standard 9.32 (l).

In conclusion, the Special Master determined that the appropriate level of discipline for Norton's conduct is disbarment, see *In the Matter of Stoner*, 246 Ga. 581 (272 SE2d 313) (1980) (holding that appearance of convicted attorney continuing to practice does more to disrupt public confidence in the legal profession than any other disciplinary problem), and noted that this Court routinely imposes disbarment, or accepts a voluntary surrender of license, which is tantamount to disbarment, as discipline in cases involving felony convictions for financial crimes.

12

See *Celello*, 308 Ga. at 339; *Fudge*, 301 Ga. at 793; *Houser*, 299 Ga. at 284; *Thompson*, 297 Ga. at 790. The Special Master determined that Norton's lack of disciplinary history combined with the character evidence she presented was outweighed by the seriousness of her crime and other aggravating factors and observed that even in cases involving significant mitigating factors, this Court has disbarred attorneys who were convicted of felonies involving fraud and dishonesty. See, e.g., *In the Matter of Vickers*, 291 Ga. 354 (729 SE2d 355) (2012) (disbarring attorney convicted of conspiracy to defraud the United States and wire fraud who presented mitigating factors of no prior disciplinary history, good character, reputation and involvement in the community, isolated incident of wrongdoing, remorse, cooperation, and compliance with terms of his probation); *In the Matter of Skandalakis*, 279 Ga. 865 (621 SE2d 750) (2005) (disbarring attorney convicted of making a false statement who presented mitigating factors of no prior disciplinary history, cooperative attitude toward the proceedings, remorse, no harm to client, and isolated incident); *In the Matter of Calhoun*, 268

13

Ga. 675 (492 SE2d 514) (1997) (disbarring attorney convicted of money laundering and aiding and abetting who presented mitigating factors of addiction to prescription drugs and alcohol, family health problems, good character, and rehabilitation). In sum, the Special Master stated that eroding confidence in the legal profession is something that all lawyers must take seriously, and that while there is no doubt that Norton has done good things for family, friends, and the community, her guilty plea and failing to report it to the Bar seriously adversely reflects on her fitness to practice law, is a violation of the law, and in turn, is a violation of the Bar Rules, all of which points to a more severe sanction than suspension.

Having reviewed the record and considered the parties' arguments, we agree with the Special Master that despite the mitigating circumstances in this case, disbarment is the appropriate sanction and is consistent with similar cases involving felony convictions for financial crimes. See, e.g., *Houser*, 299 Ga. at 284; *Thompson*, 297 Ga. at 790. Accordingly, it is hereby ordered that the

14

name of Chandra McNeil Norton be removed from the rolls of persons authorized to practice law in the State of Georgia. Norton is reminded of her duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*

Decided January 18, 2023.

Disbarment.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Chartash Law, Randy S. Chartash*, for Norton.