S10Y1548. IN THE MATTER OF KOTA CHALFANT SUTTLE.
(701 SE2d 154)

PER CURIAM.

This disciplinary matter is before the Court pursuant to the report and recommendation of special master William Lee Skinner, who recommends suspending Respondent Kota Chalfant Suttle (State Bar No. 693483) for his violation of Rule 8.4 of Bar Rule 4-102 (d). On October 28, 2009, pursuant to a negotiated agreement, Suttle, who has been a member of the State Bar of Georgia since 2002, pled guilty under *North Carolina v. Alford*, 400 U. S. 25 (91 SC 160, 27 LE2d 162) (1970), to one felony count of residential mortgage fraud, see OCGA §§ 16-8-102 (2) and 16-8-105 (a), and was given a misdemeanor sentence of six months probation as a first offender under OCGA § 17-10-5. A felony conviction constitutes a violation of Rule 8.4 of Bar Rule 4-102 (d), the maximum penalty for which is disbarment.

After a lengthy hearing, the special master found that on June 30, 2005, Suttle presided over the back-to-back real estate closings that gave rise to the criminal charges against him; that a GBI agent was present at the closings and Suttle was arrested on that very day; that, for reasons unexplained, the criminal charges against Suttle were not presented to the Grand Jury until April 2008; that the case was finally closed in late 2009; and that the State Bar then promptly filed this disciplinary action. Although Suttle argued that he was not guilty of any crime, the special master properly rejected that argument based on Suttle's guilty plea, see Rule 8.4 (b) (2), and concluded that the Bar established Suttle's violation of Rule 8.4. We agree.

In considering the appropriate punishment, the special found in aggravation that Suttle refused to acknowledge the wrongful nature of his conduct; that the misconduct was committed in the master

actual practice of law; that it was directed at a client; and that Suttle apparently profited (at least nominally) from the misconduct. In mitigation, the special master found that, at the time of the incident, Suttle had only been practicing law for $2^1/2$ years and thus was relatively inexperienced in the practice of law; that Suttle had no other disciplinary history; that Suttle is a "person of good character," but for the criminal conviction (a fact evidenced by testimony from Suttle's wife and professional friends); that Suttle cooperated with the disciplinary proceedings; and that Suttle has suffered a "substantial penalty" due to the delay in bringing these disciplinary proceedings to a resolution. Regarding the "penalty" suffered by the delay, the special master found that following the incident there were reports of it on the internet which ruined Suttle's reputation and caused him to shut down his practice a few months thereafter and that, as a result, he effectively has been suspended from the practice of law for a period in excess of four years, causing himself and his family to suffer significant financial hardship. Given those factors, the special master recommended that Suttle be suspended from the practice of law for a period of two years, with his reinstatement conditioned upon his consultation with the State Bar's Law Office Management Program and his agreement to implement its directives in connection with the reestablishment of his law office. The special master further recommended that Suttle be required to attend the first Ethics School conducted by the Office of General Counsel after the date of his reinstatement; and that Suttle be allowed to work at Atlanta Legal Aid, the Georgia Legal Services Program, or a Public Defender's Office, as a paralegal, under the supervision of a licensed attorney, and that the period of his suspension be reduced by the amount of time he donates to such organizations.

The State Bar filed exceptions to the report and recommendation challenging the special master's use of "delay" as a mitigating factor when that delay was not caused by the State Bar and arguing that disbarment was the appropriate discipline given the circumstances. Suttle responds that even though the delay in this case may not have been the fault of the State Bar, it demonstrably disadvantaged and punished him and therefore should be taken into account in mitigation of discipline. See ABA Standards for Imposing Lawyer Sanctions (1992), Standard 9.32 (k) ("imposition of other penalties and sanctions" may be considered a mitigating factor). Although Suttle does not challenge the length of the recommended suspension, he asserts that the special master improperly considered, as an aggravating factor, the fact that he maintains his innocence. See *In the Matter of Mitchell*, 249 Ga. 280 (290 SE2d 426) (1982) (holding that "continued assertion of innocence following conviction is not conclusive proof of lack of rehabilitation" so as to support the Bar's opposition to a

lawyer's petition for reinstatement). He contends that his honest belief in his innocence should not act to aggravate his discipline; recites, at length, the facts which he contends support his "honest belief" in his own innocence, including the facts that he did not prepare the documents used in the real estate closings and was not scheduled to preside at the closings, but was called to do so on very short notice; that nothing on the face of the documents indicated mortgage fraud; and that he was arrested before the closing was completed in a manner that would have revealed the fraud to him. Suttle asserts that he only entered a guilty plea because he was able to negotiate what he believed to be an extraordinarily lenient sentence which would ensure that he avoided incarceration and the resulting inability to provide for his family. Accordingly, Suttle contends that a two-year suspension is appropriate and that the recommendation that he be allowed to reduce the length of his suspension by donating his services helps serve the purpose of lawyer discipline.

As an initial matter, we recognize that an attorney's refusal to acknowledge the wrongful nature of his or her behavior should not automatically be considered a factor in aggravation of punishment, particularly in the face of an honest and objectively reasonable belief in one's own innocence. Moreover, we agree with the State Bar that delay in the disciplinary proceedings which is not attributable to the State Bar is not an appropriate factor in mitigation. Nevertheless, we find that, under the specific circumstances of this case, the remaining factors in mitigation are sufficient to support the special master's recommendation of a two-year suspension with conditions, as the appropriate discipline in this case. Finally, while we agree with most of the conditions placed by the special master upon Suttle's reinstatement, we do not agree that the interests of the Bar and the public will be best served by allowing Suttle to reduce the duration of his suspension through pro bono service. Accordingly, we do not adopt that portion of the special master's report and recommendation.

In conclusion, based on our review of the record and evidence presented in this case, we hereby order that, as discipline for his violation of Rule 8.4, Kota Chalfant Suttle be suspended from the practice of law for a period of two years from the date of this opinion, with his reinstatement conditioned upon his consultation with the State Bar Law Office Management Program and his agreement to implement its directives in connection with the reestablishment of his law office. Further, Suttle is directed to attend the first Ethics School conducted by the Office of General Counsel after the date of his reinstatement. Suttle is reminded of his duties under Bar Rule 4-219 (c).

*Two-year suspension. All the Justices concur, except Carley, P. J., Thompson and Nahmias, JJ., who dissent.*

DECIDED OCTOBER 4, 2010.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewitt, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Wilson, Morton & Downs, James E. Spence, Jr.*, for Suttle.