S12Y1087. IN THE MATTER OF CHARLES MATTHEW HUTT.
(728 SE2d 552)

PER CURIAM.

Respondent Charles Matthew Hutt (State Bar No. 774444) is a member of the Florida Bar and was admitted to practice law in Georgia on December 3, 2010. Hutt filed a petition for voluntary discipline pursuant to Georgia Bar Rule 4-227 (b) after the Supreme Court of Florida entered an order suspending him from the practice of law in that state for 45 days for his admitted violations of the Florida Rules of Professional Conduct. See *Florida Bar v. Hutt*, SC11-1992 (Dec. 22, 2011); Florida Rules of Professional Conduct Rule 4-8.4 (a) (attorney shall not violate or attempt to violate the Rules of Professional Conduct), (c) (attorney shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). For the reasons that follow, we grant the voluntary petition and suspend Hutt from the practice of law in Georgia for 45 days nunc pro tunc to January 3, 2012.

According to Hutt's petition, in October 2009, approximately one month after he was admitted to the Florida Bar, he began his employment as a junior associate with a high-volume civil litigation firm in Jacksonville, Florida. Hutt was assigned to work primarily on foreclosure cases, where it was his firm's customary practice to file an affidavit of attorney fees at the summary judgment stage. The fee affidavits were usually very similar, if not identical, with only the captions and dates changed. The purported affiant on the fee affidavits was "Attorney X," whom the firm had hired to train junior associates. Attorney X also reviewed foreclosure files on a few occasions. Hutt's employer told him that Attorney X had given the firm permission to sign his name on attorney fee affidavits in his absence. Hutt's employer also said that signing Attorney X's name on the fee affidavits was common practice in the office and that Hutt was expected to do so. Feeling pressured as both a new employee and a new attorney, Hutt signed Attorney X's name on fee affidavits on numerous occasions. Aside from the signatures, the affidavits Hutt signed were accurate.

A judge eventually recognized the signature on the fee affidavits as a forgery and brought the matter to the attention of the Florida

Bar. The Florida Bar determined that Attorney X did not give the firm permission to sign his name on the fee affidavits in his absence. Hutt had no prior disciplinary history, and he cooperated in the resulting investigation, which led to a prosecution against Hutt's former employer. On December 22, 2011, the Supreme Court of Florida entered an order suspending Hutt from the practice of law in Florida for 45 days.

On January 4, 2012, Hutt provided the Georgia Bar with written notice of the Florida suspension, including an uncertified copy of the Florida suspension order. See Rule 9.4 (b) ("Upon being suspended or disbarred in another jurisdiction, a lawyer admitted to practice in Georgia shall promptly inform the Office of General Counsel of the State Bar of Georgia of the discipline."). After some delay in the initiation of a reciprocal discipline proceeding by the Georgia Bar, on March 13, 2012, Hutt instead filed a petition for voluntary discipline seeking a 45-day suspension in Georgia. The Georgia Bar agreed that this was the appropriate level of discipline and suggested that Hutt request the imposition of discipline nunc pro tunc to the day he began serving his Florida suspension.

It appears that Hutt's disciplinary violations arose out of conduct encouraged by his employer, a high-volume civil litigation firm. Although serious, the violations occurred at a time when Hutt was a very inexperienced lawyer; he had no prior disciplinary history; and he cooperated in the Florida disciplinary proceedings. The Georgia Bar has no objection to the imposition of a 45-day suspension as reciprocal discipline, and we agree that a 45-day suspension is the appropriate level of discipline.

Regarding Hutt's request for imposition of this discipline nunc pro tunc to the period of his Florida suspension, the record indicates that Hutt did not practice law in Georgia during the period of his Florida suspension and instead promptly sought the imposition of reciprocal discipline. The Georgia Bar supports the request, and under these circumstances, we find that imposition of discipline nunc pro tunc is appropriate.

Accordingly, we accept the petition for voluntary discipline and suspend Respondent Charles Matthew Hutt from the practice of law in Georgia for a period of 45 days, nunc pro tunc to January 3, 2012.

*Petition for voluntary discipline accepted. Forty-five-day suspension. All the Justices concur.*

DECIDED MAY 29, 2012.

*Paula J. Frederick, General Counsel State Bar, Carmen R. Rafter, Assistant General Counsel State Bar*, for State Bar of Georgia.