FINAL COPY
294 Ga. 616

S14Y0484. IN THE MATTER OF MARSHALL C. WATSON.

PER CURIAM.

Respondent Marshall C. Watson (State Bar No. 741737) is a member of the Florida Bar and was admitted to practice law in Georgia in 1984. Watson filed a petition for voluntary discipline pursuant to Georgia Bar Rule 4-227 (b) after the Supreme Court of Florida entered an order suspending him from the practice of law in that state for 91 days for his admitted violations of Rules 3-4.3, 4-1.1, 4-1.3, 4-3.2, 4-3.3 (d), 4-5.1 (a)-(c), 4-5.3 (b)-(c), and 4-8.4 (a) and (d) of the Rules Regulating the Florida Bar.  See Florida Bar v. Watson, 2013 Fla. LEXIS 1115 (2013).  For the reasons that follow, we grant the voluntary petition and suspend Watson from the practice of law in Georgia for 91 days nunc pro tunc to June 5, 2013.

In his petition, Watson asserts that in Florida he maintained a high-volume foreclosure practice representing lenders, but admits that he failed to take reasonable steps to supervise and train his employees.  During the height of the national foreclosure crisis, Watson's firm was at one point handling over 66,000 cases with 71 lawyers and 597 support staff.  Watson admits that his firm

employed an attorney to sign Affidavits of Reasonable Fees in foreclosure cases and that many such affidavits were signed by that attorney outside the presence of a notary public, and without review by the signer of the data and information contained in the affidavits. Although the Florida Bar agreed that it had no evidence that the fee amounts in the affidavits were not reasonable, Watson admits that he violated the Rules Regulating The Florida Bar for failing to have procedures in place to ensure the integrity of the execution of the affidavits. Additionally, as a result of Watson's failure to properly supervise the policies and operating practices for his law firm, some of his attorneys missed 22 case management conferences and failed to timely cancel foreclosure sales or pay clerk fees in five cases. Also, before 2010, Watson's law firm had a practice of filing unverified foreclosure complaints alleging in the alternative that the note was lost, without confirming that the client-lenders had in fact lost the note. Finally, Watson's firm failed to take reasonable steps to notify the court and opposing counsel when associate attorneys left his employ and to update the case files with the appropriate attorney of record. Watson admits that these actions violated the above-referenced Rules Regulating The Florida Bar.

In September 2013, Watson notified the Georgia Bar of his Florida

suspension and he later filed this petition for voluntary discipline. Although Watson acknowledges that he is subject to reciprocal discipline in Georgia pursuant to Rule 9.4 of the Georgia Rules of Professional Conduct, he asserts in mitigation that he had no prior disciplinary history in Georgia or Florida before this incident, that he has not practiced in Georgia in two decades, that his conduct was the result of poor management and organization, rather than from dishonesty or intent to harm another person or entity, that he self-reported various deficiencies to the Bar, and that he has taken substantial steps to improve the policies and operating procedures of his law firm. Thus, Watson asks that the Court impose a 91-day suspension retroactive to the date of the Florida suspension (i.e, June 5, 2013). Watson contends that he has not practiced law in the State of Georgia during the time of his Florida suspension and argues that his case is similar to In the Matter of Hutt, 291 Ga. 171 (728 SE2d 552) (2012) (imposing as reciprocal discipline a suspension nunc pro tunc to the date of the suspension imposed in Florida). The State Bar has responded, indicating that it supports the acceptance of Watson's petition, that suspension is the appropriate discipline under Rule 9.4, and that it does not object to the Georgia suspension being imposed retroactive to the dates of the Florida Bar's

suspension in this case.

We have reviewed the record and agree that a 91-day suspension is appropriate under Rule 9.4. Moreover, as the circumstances support the imposition of discipline nunc pro tunc and the State Bar does not oppose the request, we find it appropriate to allow the suspension to run concurrently with Watson's Florida suspension. Accordingly, we accept the petition for voluntary discipline and suspend Respondent Marshall C. Watson from the practice of law in Georgia for a period of 91 days, nunc pro tunc to June 5, 2013. In order to seek reinstatement in Georgia, Marshall must affirmatively demonstrate to the State Bar's Office of General Counsel that he has been reinstated to the practice of law in Florida. If the State Bar agrees that the conditions of readmission have been met, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement. Watson is reminded of his duties under Bar Rule 4-219 (c).

Petition for voluntary discipline accepted. Ninty-one day suspension. All the Justices concur.

Decided February 24, 2014.

Suspension.

Harry H. Harkins, Jr., for Watson.

Paula J. Frederick, General Counsel State Bar, Carmen R. Rafter, Assistant General Counsel State Bar, for State Bar of Georgia.