## S16Y1178. IN THE MATTER OF BONNIE MONIQUE YOUN.
(793 SE2d 379)

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Bonnie Monique Youn (State Bar No. 781445), prior to the issuance of a formal complaint, see Bar Rule 4-227 (b) (2). Youn became a member of the Massachusetts Bar in 1995 and a member of the Georgia Bar in 1996. She worked as a staff attorney for the Eleventh Circuit Court of Appeals, and after a stint in private practice, founded her own law firm focused on employment and family-based immigration law. In her petition, she admits that she pled guilty on January 20, 2016, in the United States District Court for the Northern District of Georgia, to one misdemeanor count of violating 18 USC §§ 2 and 1028 for having counseled, commanded, and induced a client, who was not a Georgia resident, to possess a Georgia driver's license. The client had been living legally in Louisiana and obtained the license as part of her effort to become a permanent resident of the United States. On May 3, 2016, Youn was sentenced to two years on probation and a $5,245 fine. Youn admits that by this conduct she has violated Rule 8.4 (a) (3) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d).[1] The maximum sanction for a violation of Rule 8.4 (a) (3) is disbarment.

As part of her plea agreement, Youn agreed that she would not appear on behalf of any third party in any civil, criminal, or administrative matter for two years beginning no later than ten days after sentencing. In her petition, Youn states that she discontinued the practice of law effective April 1, 2016, having provided advance notice to existing and former clients. Youn seeks a suspension of 18 months. She also asks that her reinstatement be conditioned on her offering proof to the State Bar's Office of General Counsel that she has completed all terms of her probation.

We agree that there are several significant mitigating factors present: Youn's lack of a disciplinary history; her cooperation with the State Bar; her professional reputation for integrity, as attested to by numerous, persuasive character references; her efforts on behalf of many civic and service-related organizations, for which she was recognized in 2013 by being named a Cesar Chavez Champions of Change; and her demonstration of remorse and acknowledgment of wrongdoing.

---

[1] Rule 8.4 (a) (3) makes it a violation for a lawyer to be "convicted of a misdemeanor involving moral turpitude where the underlying conduct relates to the lawyer's fitness to practice law[.]"

In support of the requested sanction of an 18-month suspension, Youn cites the ABA Standards for Imposing Lawyer Discipline (1992) as well as prior disciplinary cases involving lawyers who were convicted of crimes. We find particularly relevant those cases in which the lawyer was convicted of a crime for an isolated act related to the practice of law. See, e.g., *In the Matter of Suttle*, 288 Ga. 14 (701 SE2d 154) (2010) (two-year suspension following conviction of felony count of residential mortgage fraud in connection with two real estate closings occurring on the same day); *In the Matter of Welsh*, 279 Ga. 298 (612 SE2d 304) (2005) (12-month suspension following conviction on three misdemeanor counts of criminal trespass arising from Welsh's attempt to assist his client in gaining access to marital property to which the client was legally entitled under a divorce decree); *In the Matter of Wyatt*, 275 Ga. 545 (570 SE2d 330) (2002) (one-year suspension following conviction on two misdemeanor counts of misrepresentation and concealment of facts based on aiding and abetting alien in attempt to enter the United States); *In the Matter of Schrader*, 271 Ga. 601 (523 SE2d 327) (1999) (one-year suspension following conviction for criminal offense of practicing law without a license based on filing a petition to probate a will in another state without obtaining pro hac vice status); *In the Matter of Acree*, 269 Ga. 57 (495 SE2d 293) (1998) (two-year suspension following conviction of misdemeanor bank larceny where Acree, on behalf of his client, enabled a loan transaction to proceed by filing statements that were false by omission).

The State Bar has filed a response stating that it agrees with the mitigating factors presented and recommends that the petition be granted.

Having considered the petition, response, and the significant mitigating factors, we agree that a suspension of 18 months is an appropriate sanction in this matter, and therefore accept the petition for voluntary discipline. We condition Youn's reinstatement on her successful completion of, and release from, the probation imposed for her conviction. See *In the Matter of Paine*, 280 Ga. 208, 209 (625 SE2d 768) (2006) ("[T]he public is likely to lose respect for the legal system if any lawyer is allowed to practice law while on probation for a criminal conviction[.]"). At the conclusion of the suspension imposed in this matter, if Youn wishes to seek reinstatement, she must offer proof to the State Bar's Office of General Counsel that she has been released from probation. If the State Bar agrees that this condition has been met, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement. Youn is reminded of her duties under Bar Rule 4-219 (c).

*Petition for voluntary discipline accepted. Eighteen-month suspension with conditions. All the Justices concur.*

DECIDED NOVEMBER 7, 2016.

*Warren R. Hinds*, for appellant.
*Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.