300 Ga. 641
FINAL COPY

S17Y0010.  IN THE MATTER OF JOHN MICHAEL SPAIN.

PER CURIAM.

This disciplinary matter is before this Court on the petition for voluntary discipline filed, prior to the filing of a formal complaint, by Respondent John Michael Spain (State Bar No. 668898), pursuant to Bar Rule 4-227 (b) (2).  In his petition, Spain, who became a member of the Georgia Bar in 1999, admits that he pled nolo contendere in the State Court of Fayette County, Georgia to one misdemeanor violation of OCGA § 16-5-90 (stalking), and one misdemeanor violation of OCGA § 16-11-39.1 (harassing communications). He was sentenced to one year of probation on each count to be served consecutively.  He states that the charges to which he pled nolo contendere were based on numerous e-mails that he sent over an approximately two-day period to opposing counsel in a divorce case, in which he is the defendant, and that he was acting pro se at the time, although he has since retained counsel.  Spain further admits that the e-mails included inappropriate threatening language, intimidation and personal attacks directed to opposing counsel, including

inappropriate remarks about counsel and members of her family, and ad hominem statements about his wife. He admits that by virtue of his convictions, he has violated Rule 8.4 (a) (3) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rule 8.4 (a) (3) is disbarment.

Spain offers in mitigation that he has no prior disciplinary record and at the time of his misconduct he was suffering from personal and emotional problems related to his marriage, compounded by the divorce which, contrary to his expectations based on a prenuptial agreement, entailed substantial litigation for which his bankruptcy practice provided no helpful experience. Spain states that he has since retained an attorney to represent him in the divorce action and that he has sought professional help for these problems. In addition, he states that he acted in good faith to rectify the consequences of his conduct by entering nolo contendere pleas, and he has cooperated fully with the State Bar in bringing this matter to a voluntary resolution. Finally, he states that his misconduct did not involve his own practice or his own clients, he is deeply remorseful and recognizes that his conduct was contrary to his professional obligations and longstanding personal values, and he wishes that he could

reverse his actions. Spain asks this Court to impose a Review Panel reprimand or, if this Court disagrees, he states that he is willing to accept a public reprimand.

The State Bar has filed a response and offers that an aggravating factor is Spain's substantial experience in the practice of law. The Bar concludes that a reprimand is appropriate discipline under all the circumstances, and states that it has found no Supreme Court of Georgia precedent that it believes would provide meaningful guidance in this unique set of circumstances. However, contrary to the Bar's position, this Court has a large body of attorney discipline case law involving violations of Rule 8.3 (a) (3), and we have said that "either suspension or disbarment is an appropriate sanction [for such a violation], depending on the circumstances." See In the Matter of Gardner, 286 Ga. 623, 624 (690 SE2d 611) (2010) (collecting cases). Neither Spain nor the State Bar has identified a case in which we have imposed only a reprimand for such a serious violation, even when the attorney presented significant mitigating factors. See, e.g., In the Matter of Youn, 300 Ga. 134 (793 SE2d 379) (2016) (imposing 18-month suspension with conditions for reinstatement following attorney's conviction of misdemeanor fraud related to identity documents where

3

"several significant mitigating factors" were present).

Having reviewed the record as a whole, we disagree with Spain's and the State Bar's recommendation that a Review Panel or public reprimand is an appropriate sanction for his Rule 8.4 (a) (3) violation. Accordingly, this Court rejects Spain's petition for voluntary discipline.

Petition for voluntary discipline rejected. All the Justices concur.

Decided February 27, 2017.

Petition for voluntary discipline.

Paula J. Frederick, General Counsel State Bar, William J. Cobb, Assistant General Counsel State Bar, for State Bar of Georgia.