300 Ga. 781
FINAL COPY

S17Y0897. IN THE MATTER OF SAMUEL WILLIAMS, JR.

PER CURIAM.

This disciplinary matter is before the Court on the report of a special master recommending that we accept the petition for voluntary discipline filed on October 3, 2016, prior to the filing of a formal complaint, by respondent Samuel Williams, Jr. (State Bar No. 764123), pursuant to Bar Rule 4-227 (b) (2). In his petition, Williams admits that he violated Rule 8.4 (a) (2) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d), when in April 2012 in an Alabama state court, he pled guilty to selling unregistered securities and was sentenced to three to five years on probation.[1] Williams, who has been a member of the Bar since 2003, admits that he was the escrow officer for a client who offered a high-yield investment program and that, although Williams did not promote the sale of securities and was not otherwise involved in the underlying fraud scheme, he was responsible for holding and disbursing the

---

[1] Rule 8.4 (a) (2) says, "It shall be a violation of the Georgia Rules of Professional Conduct for a lawyer to . . . be convicted of a felony." A conviction for purposes of this rule includes a guilty plea accepted by a court. See Rule 8.4 (b) (1) (i). The maximum sanction for a violation of Rule 8.4 (a) (2) is disbarment.

funds associated with the program using his trust account. Williams asserts that he filed a notice to withdraw upon learning of a criminal investigation of the program, but admits that he nonetheless subsequently accepted $380,000 from an investor and then disbursed those funds in February 2010, instead of reporting the matter to the authorities and holding the money in his trust account as he should have done.[2]

Williams self-reported his conviction to the State Bar of Georgia on June 5, 2012, but the Bar did not begin disciplinary proceedings until May 16, 2016.[3] After the appointment of the special master, Williams filed an initial petition for voluntary discipline on July 15, 2016, acknowledging his violation of Rule 8.4 (a) (2) and requesting discipline in the range from a formal admonition to a public reprimand. However, noting that Williams had been placed on probation for three to five years and directed to pay $380,000 in restitution, the special master rejected that petition in an October 3, 2016 order, accepting the Bar's argument that a reprimand was not appropriate discipline and that, while a

[2] The Alabama prosecutor's letter discussed further below says that Williams sent the money to the principal fraudster.

[3] The State Bar has acknowledged that this delay was the Bar's fault and notes that the lawyer responsible is no longer employed by the Bar's Office of General Counsel.

2

suspension could be appropriate discipline, any suspension should last at least as long as Williams was subject to the criminal court's jurisdiction. On the same day that the special master issued his order denying the initial petition, Williams filed this petition, requesting discipline in the form of a suspension for as long as he is on probation or otherwise subject to the criminal court's jurisdiction.

In mitigation, Williams explains that he was under considerable mental and emotional stress because of the near-concurrent bankruptcy of his law firm and diagnosis of his wife with metastatic breast cancer in the fall of 2009; that he has no prior disciplinary history or criminal record; that he served honorably in the military for 20 years; that he self-reported his conviction to the disciplinary authorities and has been cooperative; that his failure to register the securities was negligent and unintentional; that his failure to reject or secure the $380,000 was negligent and without a selfish motive; that he is sincerely remorseful; that he has attempted to improve his own understanding of the law and to help others avoid the mistakes he made; and that he has complied with all of the terms of his probation. Williams also asserts that the nearly four-year delay between his self-reporting of the violation and the petition for

3

appointment of a special master should be considered in mitigation. Additionally, the Alabama prosecutor sent a letter to the Bar saying that Williams was inexperienced, distressed because of his wife's illness, and extremely remorseful, and that the trial judge concluded that Williams's involvement in the criminal scheme was minimal.

In its response, the State Bar pointed out that, contrary to Williams's assertion of an unintentional mistake, his guilty plea required that he knowingly dealt in unregistered securities[4] and that there was no assertion on Williams's part that he has paid the $380,000 restitution amount or that he would do so by the likely end of his time on probation.[5] On October 30, 2016, the special master held a hearing at which Williams and his wife appeared and discussed his background, his conduct in the underlying matter, and his remaining obligations.

---

[4] Williams pled guilty to a violation of Alabama Code § 8-6-3 (a), which says: "It is unlawful for any person to transact business in this state as a dealer or agent for securities unless he or she is registered under this article. It is unlawful for any dealer or issuer to employ an agent unless the agent is registered." See also Bayhi v. State, 629 S2d 782, 789 (Ala. Crim. App. 1993) (explaining that to prove a violation of § 8-6-3 (a), "the state [must] prove that the defendant acted willfully in the sense that he was aware of what he was doing").

[5] The Bar acknowledged that Williams had asserted that he was informed by Alabama authorities that the State would consider waiving the balance of restitution, provided he complied with the other provisions of his probation. The special master noted that there is no definitive proof that Williams's probation will end without his having paid the balance of the restitution owed but also notes that the repayment obligation — set at payments of $250 per month — does not appear calculated to ensure full repayment of the amount owed.

On January 9, 2017, the special master issued his report. The special master considered the mitigating factors offered by Williams and noted that although Williams was entitled to have the delay in the disciplinary proceedings considered as a mitigating factor, he had benefitted from the delay by not being suspended since his 2012 conviction. The special master recommended that this Court accept Williams's petition for a suspension concurrent with his probation.

Based upon our review of the existing record, we do not believe that the proposed suspension is sufficient discipline. Williams has represented that his probation will end in April 2017, meaning that he would be suspended from the practice of law for only about a month from now. Although the Alabama prosecutor indicated in his letter that Williams's involvement in the criminal scheme was minimal, the prosecutor also explained that Williams, "while not initially aware of [the] fraudulent activity, . . . should have abandoned his role earlier than he did after receiving complaints from the victims." Moreover, Williams's criminal conduct directly involved his law practice. In fact, the prosecutor explained that by using his trust account to hold and disburse funds as part of the fraudulent scheme, Williams received $6,066.26 in legal fees. In the cases where, due to the presence of significant mitigating factors, this Court

5

has not simply disbarred lawyers for criminal convictions related to their practice of law, we have imposed a suspension considerably longer than one month. See, e.g., In the Matter of Youn, 300 Ga. 134, 135 (793 SE2d 379) (2016) (18-month suspension for misdemeanor conviction); In the Matter of Suttle, 288 Ga. 14, 16 (701 SE2d 154) (2010) (two-year suspension for felony conviction).[6]

Finally, although it appears that the deplorable delay between Williams's self-reporting to the Bar and the initiation of these disciplinary proceedings was not his fault, he has presented no evidence that he was not practicing law after his conviction. Such evidence might justify the imposition of a longer suspension nunc pro tunc. See In the Matter of Watson, 294 Ga. 616, 618 (755 SE2d 199) (2014); In the Matter of Onipede, 288 Ga. 156, 157 (702 SE2d 136) (2010) ("[W]hen an attorney requests entry of a suspension or voluntary surrender order nunc pro tunc, it is the lawyer's responsibility to demonstrate

---

[6] We have also imposed longer suspensions (or disbarment) even when a felony conviction was unrelated to the lawyer's practice. See, e.g., In the Matter of Richbourg, 295 Ga. 356, 356-357 (759 SE2d 865) (2014) (three-year suspension or suspension for the probation period, whichever was longer, for two felony false imprisonment convictions); In the Matter of Ortman, 289 Ga. 130, 130-131 (709 SE2d 784) (2011) (12-month suspension for felony aggravated battery conviction). See also In the Matter of Wright, 299 Ga. 139, 139-140 (786 SE2d 686) (2016) (disbarment for felony drug possession conviction).

that they voluntarily stopped practicing law, the date on which their law practice ended, and that they complied with all the ethical obligations implicated in such a decision, such as assisting clients in securing new counsel and facilitating the transfer of client files and critical information about ongoing cases to new counsel."). Accordingly, we reject Williams's current petition for voluntary discipline.

Petition for voluntary discipline rejected. All the Justices concur.

Decided March 20, 2017.

Petition for voluntary discipline.

Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar, for State Bar of Georgia.

7