301 Ga. 663
FINAL COPY

S17Y1287.  IN THE MATTER OF JOHN MICHAEL SPAIN.

PER CURIAM.

This disciplinary matter is before the Court on the second petition for voluntary discipline filed by Respondent John Michael Spain (State Bar No. 668898) pursuant to Bar Rule 4-227 (b) (2); this Court rejected Spain's first petition for voluntary discipline.  See *In the Matter of Spain*, 300 Ga. 641 (797 SE2d 452) (2017).  As recited in our opinion on Spain's first petition:

> In his petition, Spain, who became a member of the Georgia Bar in 1999, admits that he pled nolo contendere in the State Court of Fayette County, Georgia to one misdemeanor violation of OCGA § 16-5-90 (stalking), and one misdemeanor violation of OCGA § 16-11-39.1 (harassing communications). He was sentenced to one year of probation on each count to be served consecutively. He states that the charges to which he pled nolo contendere were based on numerous e-mails that he sent over an approximately two-day period to opposing counsel in a divorce case, in which he is the defendant, and that he was acting pro se at the time, although he has since retained counsel. Spain further admits that the e-mails included inappropriate threatening language, intimidation and personal attacks directed to opposing counsel, including inappropriate remarks about counsel and members of her family, and ad hominem statements about his wife.

300 Ga. at 641-642. Spain admitted that by virtue of his convictions he had violated Rule 8.4 (a) (3) of the Georgia Rules of Professional Conduct, and sought as discipline a Review Panel or public reprimand; the maximum sanction for a violation of Rule 8.4 (a) (3) is disbarment. This Court concluded that the suggested discipline of a reprimand, as requested by Spain and supported by the Bar, was insufficient in light of our prior case law on violations of Rule 8.4 (a) (3) and rejected Spain's petition.

In the present petition, Spain states that he seeks a suspension of at least 30 days in duration but acknowledges that he would accept a longer suspension, or even disbarment. As in his prior petition,

> Spain offers in mitigation that he has no prior disciplinary record and at the time of his misconduct he was suffering from personal and emotional problems related to his marriage, compounded by the divorce which, contrary to his expectations based on a prenuptial agreement, entailed substantial litigation for which his bankruptcy practice provided no helpful experience. Spain states that he has since retained an attorney to represent him in the divorce action and that he has sought professional help for these problems. In addition, he states that he acted in good faith to rectify the consequences of his conduct by entering nolo contendere pleas, and he has cooperated fully with the State Bar in bringing this matter to a voluntary resolution. Finally, he states that his misconduct did not involve his own practice or his own clients, he is deeply remorseful and recognizes that his conduct was contrary to his professional obligations and longstanding personal values, and he wishes that he

2

could reverse his actions.

300 Ga. at 642.

However, in the present petition and a subsequently filed brief in support, Spain elaborates that he seeks to have this Court consider his "actual conduct" in relation to his fitness to practice law. In furtherance of that goal, Spain recounts the facts that led to the incident underlying his criminal convictions, but his presentation of facts consists mostly of an explanation of the reasons for his e-mail tirade against the victim, rather than an assessment of his conduct. For instance, Spain asserts in his petition that the victim of his e-mail tirade — opposing counsel in his divorce — was "in violation of certain ethical rules relating to the practice of law," that the victim could have and should have provided a variety of testimony in support of his motion to enforce the couple's prenuptial agreement, and that he "hopes never to file a grievance against [the victim] because Petitioner does not believe even a successful grievance *would ameliorate his own station in life*." (emphasis supplied). The first section of his supporting brief is given over to a similar, although even more detailed, recitation of the underlying facts. The brief then proceeds to a discussion of some authority, much of it from other states or from federal immigration

3

proceedings, that bears on the question of whether his crimes of conviction constituted offenses involving moral turpitude. The brief ultimately concludes that no authority definitely resolves that question but that, nevertheless, his conduct should be punished under Rule 8.4 (a) (3).

In the Bar's response, it states that it supports Spain's petition, but believes that a suspension greater than Spain's suggestion of 30 days would be appropriate. The Bar's response reviews the case facts, with particular attention to the details of Spain's e-mails to the victim, discusses the general law regarding the establishing of a proper level of discipline, and notes that this Court's opinion rejecting Spain's prior petition clarified the range of permissible discipline when an attorney is convicted or found guilty of a crime in violation of Rule 8.4 (a) (3). The Bar also notes that, although Spain stridently insists that he is deeply remorseful for his conduct and that he is throwing himself on the mercy of the Court, his filings before this Court focus largely on an attempt to explain the circumstances that led to his e-mail tirade. The Bar also recognizes that the manner in which Spain goes about this explanation may cause one reasonably to doubt the true extent of his remorse, including whether he considers himself the ultimate victim in all of this — possibly bringing into

4

question the extent to which Spain's professed remorse should be taken in mitigation. The Bar's response does not otherwise contest Spain's asserted factors in mitigation, but does suggest in aggravation of discipline that Spain had a selfish motive in trying to extract a settlement in the divorce proceedings, that he has failed to completely accept responsibility for his conduct, and that he has considerable experience in the practice of law. Finally, the Bar notes that Spain's probation for the convictions that gave rise to this petition is scheduled to end on June 27, 2018, and suggests that a suspension that terminates at the conclusion of Spain's probation may be an appropriate sanction.

Having reviewed the record, we find that a one-year suspension with reinstatement conditioned upon proof of termination of probation is an appropriate level of discipline in this matter. See *In the Matter of Williams*, 284 Ga. 96 (663 SE2d 181) (2008); *In the Matter of Paine*, 280 Ga. 208, 210 (625 SE2d 768) (2006). Accordingly, Spain's petition for voluntary discipline is accepted and Spain is suspended from the practice of law in this State for one year from the date of this opinion, with his reinstatement conditioned upon acceptable proof, provided to the State Bar's Office of General Counsel, that his probation has been terminated. If the State Bar agrees that the condition has

5

been met, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement.  Spain is reminded of his duties under Bar Rule 4-219 (c).

Petition for voluntary discipline accepted. One-year suspension with conditions for reinstatement. All the Justices concur, except Blackwell and Peterson, JJ., who concur in part and dissent in part.

BLACKWELL, Justice, concurring in part and dissenting in part.

I concur in the acceptance of the petition for voluntary discipline, but I am not convinced that a one-year suspension is necessary, and I dissent from the imposition of the suspension.

I am authorized to state that Justice Peterson joins this opinion.

Decided June 30, 2017.

Suspension.

Paula J. Frederick General Counsel State Bar, Jenny K. Mittelman,

<u>William J. Cobb, Assistant General Counsel State Bar</u>, for State Bar of Georgia.