304 Ga. 832
FINAL COPY

S19Y0028.  IN THE MATTER OF SAMUEL WILLIAMS, JR.

PER CURIAM.

This is the second appearance of this matter before this Court.  In our first opinion, In the Matter of Williams, 300 Ga. 781 (798 SE2d 215) (2017), we rejected a petition for voluntary discipline filed by Samuel Williams, Jr. (State Bar No. 764123) because the discipline proposed — a suspension coextensive with the probation imposed in connection with Williams's guilty plea conviction in Alabama for selling unregistered securities — was insufficient, given that his probation was scheduled to end only one month after the issuance of our opinion.  See 300 Ga. at 783-784.  Shortly after the issuance of our opinion, Williams filed another petition for voluntary discipline, his third,[1] before filing a fourth petition on June 15, 2018; it is this fourth petition that is currently before us.

In his current petition, Williams suggests the imposition of a suspension no shorter than 20 months, nunc pro tunc to the November 1, 2017, date on which

_____

[1] Williams's second petition was the petition at issue in our first opinion; his first was rejected by the Special Master.  See 300 Ga. at 782.  Williams's third petition was superseded by his fourth.

he voluntarily ceased the practice of law. The State Bar responded and recommended to the Special Master that a recommendation be made to this Court to accept the petition and impose a suspension of between 20 and 36 months, nunc pro tunc to November 1, 2017. The Special Master then issued a report, recommending that we accept Williams's petition and impose a suspension of 20 months, nunc pro tunc to November 1, 2017.

The facts underlying this petition remain largely unchanged since our prior review of this matter. Williams's petition arises from his guilty plea conviction for selling unregistered securities in Alabama,[2] which, Williams concedes, constitutes a violation of Rule 8.4 (a) (2) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). Although a violation of Rule 8.4 (a) (2) often results in an attorney being disbarred, our prior opinion recognized the presence of "significant mitigating factors" in this case that could justify the imposition of

---

[2] As we recounted in our first opinion, Williams was the escrow officer for a client who offered a high-yield investment program and . . . , although Williams did not promote the sale of securities and was not otherwise involved in the underlying fraud scheme, he was responsible for holding and disbursing the funds associated with the program using his trust account. Williams asserts that he filed a notice to withdraw upon learning of a criminal investigation of the program, but admits that he nonetheless subsequently accepted $380,000 from an investor and then disbursed those funds in February 2010, instead of reporting the matter to the authorities and holding the money in his trust account as he should have done.

300 Ga. at 781-782.

a suspension instead of disbarment. 300 Ga. at 783-784. Specifically, we noted that Williams

> was under considerable mental and emotional stress because of the near-concurrent bankruptcy of his law firm and diagnosis of his wife with metastatic breast cancer in the fall of 2009; that he has no prior disciplinary history or criminal record; that he served honorably in the military for 20 years; that he self-reported his conviction to the disciplinary authorities and has been cooperative; that his failure to register the securities was negligent and unintentional; that his failure to reject or secure the $380,000 was negligent and without a selfish motive; that he is sincerely remorseful; that he has attempted to improve his own understanding of the law and to help others avoid the mistakes he made; and that he has complied with all of the terms of his probation. Williams also asserts that the nearly four-year delay between his self-reporting of the violation and the petition for appointment of a special master should be considered in mitigation. Additionally, the Alabama prosecutor sent a letter to the Bar saying that Williams was inexperienced, distressed because of his wife's illness, and extremely remorseful, and that the trial judge concluded that Williams's involvement in the criminal scheme was minimal.

300 Ga. at 782.

Since the issuance of our prior opinion, Williams's probation ended in April 2017. Williams continues to pay restitution, however, and is timely on his payments. The Special Master considered the effect of Williams's continuing restitution obligation on the question of whether his probation had truly concluded, noting that the restitution payments — $250 per month against an obligation of $380,000 — did not appear to be calculated to ensure full

repayment; that, pursuant to a June 8, 2017 Alabama court order, the "[c]ase is nolle prossed upon payment of restitution and court costs"; that, given the ongoing restitution obligation, the case is not truly dismissed, but remains on the "administrative docket" of the Alabama court; and that Williams has consented to the continuing jurisdiction of the Alabama court for the purpose of collecting the restitution payments. Given these facts and the application of Ala. Code § 15-18-78 (a),[3] the Special Master concluded that, were Williams to default on the restitution obligation, he would not be subject to additional criminal sanctions, such that the criminal portion of his sentence had apparently concluded.

We agree with the Special Master that a suspension is appropriate. Although the status of Williams's probation is an important consideration in assessing the propriety of a suspension,[4] the Special Master's adjudication of the

---

[3]        A restitution order in a criminal case shall be a final judgment and have all the force and effect of a final judgment in a civil action under the laws of the State of Alabama. The victim on whose behalf restitution is ordered, the executor or administrator of the victim's estate, or anyone else acting on behalf of the victim, shall be entitled to all the rights and remedies to which a plaintiff would be entitled in a civil action under the laws of this state as well as any other right or remedy pertaining to such restitution order as may be provided by law.

[4] See In the Matter of Paine, 280 Ga. 208, 210 (625 SE2d 768) (2006) (noting that "the public is likely to lose respect for the legal system if any lawyer is allowed to practice law while on probation for a criminal conviction").

4

matter was appropriate under the circumstances present here — especially in light of the parties' apparent expectation that Williams's restitution obligation would not ever be totally fulfilled, and given that a contrary reading could result in the imposition of what would effectively be an endless suspension.

Accordingly, two issues remain: the appropriate length of a suspension and whether that suspension should be imposed nunc pro tunc. Our precedents suggest that the 20-month suspension recommended by the Special Master is within the range of punishments appropriate in this matter and should be accepted. See, e.g., In the Matter of Suttle, 288 Ga. 14, 16 (701 SE2d 154) (2010) (two-year suspension for conviction on one felony count of residential mortgage fraud); In the Matter of Paine, 280 Ga. 208, 210 (625 SE2d 768) (2006) (suspension for at least 20 months until termination of federal probation for felony conviction of obstruction of a federal audit). See also, e.g., In the Matter of Youn, 300 Ga. 134, 135 (793 SE2d 379) (2016) (18-month suspension for misdemeanor conviction for violating 18 USC §§ 2 and 1028 for having counseled, commanded, and induced a client, who was not a Georgia resident, to possess a Georgia driver's license). Furthermore, in light of the Special Master's finding that Williams voluntarily ceased his practice of law as of November 1,

2017, we agree with the Special Master's recommendation to impose the 20-month suspension nunc pro tunc to that date.

Having reviewed the record as a whole, we agree with the Special Master's recommendation and conclude that imposition of a 20-month suspension is the appropriate sanction in this matter, and we therefore accept Williams's petition for voluntary discipline. Accordingly, we hereby order that Williams be suspended from the practice of law in this State for 20 months. Because there are no conditions on Williams's reinstatement other than the passage of time, there is no need for him to take any action either through the State Bar or through this Court to effectuate his return to the practice of law. Instead, the suspension outlined in this opinion will take effect, nunc pro tunc, as of the November 1, 2017 date on which Williams voluntarily ceased the practice of law and will expire by its own terms 20 months later. Williams is reminded of his duties pursuant to Bar Rule 4-219 (c).

Petition for voluntary discipline accepted. Twenty-month suspension. All the Justices concur.

Decided January 7, 2019.

Suspension.

<u>Jenny K. Mittelman, General Counsel State Bar</u>, Paula J. Frederick, James

<u>S. Lewis, Assistant General Counsel State Bar</u>, for State Bar of Georgia.