NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: October 15, 2024

S25Y0025. IN THE MATTER OF CURTIS LEE ALLEN.

PER CURIAM.

This disciplinary matter is before the Court on the amended petition for voluntary reciprocal discipline filed by Respondent Curtis Lee Allen (State Bar No. 009905) after this Court rejected his first petition due to "several deficiencies that preclude[d] final resolution of th[e] matter." See *In the Matter of Allen*, 319 Ga. 505, 506 (904 SE2d 354) (2024) ("*Allen I*"). In his amended petition, Allen, who has been a member of the State Bars of Georgia and Florida since 1994, has corrected the deficiencies in his original petition. He again requests that this Court impose a ten-day suspension, nunc pro tunc to the date of a ten-day suspension he received in Florida for his conduct in representing an insurance company in two cases.

The State Bar urges the Court to accept Allen's petition, and, given the current record before us, we do so.

As recited in *Allen I*:

> To resolve two disciplinary actions pending against him in Florida, Allen and the Florida Bar entered into a consent judgment, pursuant to which the Florida Supreme Court entered an order on December 28, 2023, suspending him from the practice of law for ten days, effective January 29, 2024, placing him on probation for one year, directing him to attend the Florida Bar's Ethics School, and entering judgment against him in the amount of $1,450.10 for the cost of the Florida Bar's action against him.[ ] Allen states that he served his suspension from January 29 to February 7, 2024. The State Bar of Georgia then initiated a reciprocal disciplinary action against Allen pursuant to [Georgia Rule of Professional Conduct ("GRPC")] 9.4 (b), and in response, he filed this petition for voluntary discipline. See GRPC 9.4 (b); Bar Rule 4-227 (b).

> In his petition, Allen explains that in the first disciplinary matter, the Florida Fifth District Court of Appeal observed in a published opinion that, while representing an insurance company, Allen "made argumentative and unprofessional remarks to both the insureds and their counsel" while conducting examinations under oath. In the second matter, while representing the same insurance company in a dispute over attorney fees, he made comments about the opposing party and counsel "which were not consistent with the high standards of professionalism." In both matters, he was found to have violated Florida Rules 3-4.3

2

(Misconduct and Minor Misconduct), 4-4.4 (a) (Respect for Rights of Third Persons), and 4-8.4 (d) (Misconduct). Allen observes that Florida Rule 4-4.4 (a) is analogous to GRPC 4.4 (a), but Georgia does not have a disciplinary rule equivalent to Florida Rule 3-4.3 or Rule 4-8.4 (d). Allen states that in the consent judgment with the Florida Bar, he stipulated to four aggravating factors: prior disciplinary history, pattern of misconduct, multiple offenses, and substantial experience in the practice of law. See ABA Standards for Imposing Lawyer Sanctions ("ABA Standards") 9.22 (a), (c), (d), and (i). He asserts that the Florida Bar stipulated to four mitigating factors: absence of a dishonest or selfish motive, personal or emotional problems arising from or related to his stressful divorce at the time of his misconduct, full and free disclosure to the bar or cooperative attitude toward the disciplinary proceedings, and remorse. See ABA Standards 9.32 (b), (c), (e), and (l). He assures the Court that he has taken steps to ensure that his future conduct will be professional and will comply with disciplinary rules.

*Allen I*, 319 Ga. at 506-507 (footnotes omitted).

Based on those facts, Allen requested, as substantially similar discipline, that this Court suspend his license to practice law in Georgia for ten days, nunc pro tunc and concurrent with his ten-day Florida suspension, and that the Court allow his reinstatement upon the entry of its opinion. But this Court rejected his original petition because Allen attached none of the Florida documents associated

3

with the Florida discipline and because he failed to show that he stopped practicing law in Georgia during his suspension in Florida, as was necessary to establish his entitlement to suspension nunc pro tunc. See *In the Matter of Onipede*, 288 Ga. 156, 157 (702 SE2d 136) (2010) (explaining that when a lawyer requests discipline nunc pro tunc, it is his responsibility to demonstrate that he voluntarily stopped practicing law, the date on which his law practice ended, and that he complied with all the ethical obligations implicated in such a decision).

In his amended petition, Allen attaches the documents associated with the Florida discipline, which confirm the facts and resolution of the Florida disciplinary matter, and he explains that, after graduating from a Georgia law school, he was admitted to the bars of both Georgia and Florida in 1994, but he immediately moved to Florida and has practiced law exclusively within that state throughout his career. Allen notes that, because he has never practiced law in Georgia in any capacity, he has no Georgia clients to notify of his suspension and no Georgia office to close, but states

4

that he did promptly notify his Florida clients of his suspension. Based on that showing, Allen again requests that this Court suspend his license for ten days, nunc pro tunc, and concurrent with the Florida suspension, noting that such an action will allow automatic reinstatement upon entry of this Court's opinion

The State Bar admits that Allen has corrected the issues that this Court identified with his original petition and asserts that it has found no record of Allen ever practicing law in Georgia or representing Georgia clients. It thus urges this Court to accept the petition and impose the requested discipline.

Given the record currently before this Court, it appears that the imposition of a suspension nunc pro tunc is appropriate here. See *Onipede*, 288 Ga. at 157; *In the Matter of Hutt*, 291 Ga. 171, 172 (728 SE2d 552) (2012) (instating suspension nunc pro tunc to the date of the Florida suspension where "the record indicate[d] that [lawyer] did not practice law in Georgia during the period of his Florida suspension and instead promptly sought the imposition of reciprocal discipline," and the Bar "support[ed] the request"). See

also *In the Matter of Pettinato*, 315 Ga. 831, 835-836 (884 SE2d 894) (2023) (accepting attorney's voluntary petition for reciprocal discipline and imposing ten-day suspension, which is generally not a disciplinary sanction available in Georgia, because the requested suspension was "identical" to discipline imposed in Florida).

Accordingly, we accept Allen's amended petition for voluntary reciprocal discipline and suspend him from the practice of law for ten days, nunc pro tunc to January 29, 2024, the date his suspension became effective in Florida. Allen is also hereby reinstated, given that his ten-day suspension will have been completed by the date on which this opinion will be issued.

*Petition for voluntary reciprocal discipline accepted. Ten-day suspension, nunc pro tunc to January 29, 2024; reinstated. All the Justices concur.*